1   BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
2   Bryan Schwartz (Ca. Bar No. 135928)
    200 Public Square, Suite 2300
3   Cleveland, Ohio  44114-2378
    Telephone:  (216) 363-4420
4   Facsimile:  (216) 363-4588
5   Email:  bschwartz@beneschlaw.com
    Attorneys for Defendant and Third-Party Plaintiff
6   Ferro Corporation
7
8
9                  IN THE UNITED STATES DISTRICT COURT
                  FOR THE CENTRAL DISTRICT OF CALIFORNIA
10                       LOS ANGELES DIVISION
11

ALCOA INC., et al.
12                   Plaintiffs,
13           v.
APC INVESTMENT CO., et al.,                Case No. 2:14-cv-06456 GW (EX.)
14
15           Defendants.
16
FERRO CORPORATION
17  6060 Parkland Boulevard                 **DEFENDANT AND THIRD-
    Mayfield Heights, Ohio  44124           PARTY PLAINTIFF FERRO
18                                           CORPORATION'S
19                   Third-Party Plaintiff,  THIRD-PARTY COMPLAINT
           v.                                AGAINST THIRD-PARTY
20                                           DEFENDANTS PMC, INC.
PMC, INC.                                    AND PHILIP E. KAMINS**
21  12243 Branford Street
    Sun Valley, California 91352-1010
22
23
           and
24
PHILIP E. KAMINS
25  121 Copley Place
    Beverly Hills, California 90210
26
27
                   Third-Party Defendants.
28
                                          1

Pursuant to Fed. R. Civ. Pro. 14(a), Defendant and Third-Party Plaintiff Ferro Corporation states for its Third-Party Complaint against Third-Party Defendants PMC, Inc. and Philip E. Kamins as follows:

## NATURE OF THE ACTION, PARTIES, JURISDICTION AND VENUE

1.      This is a third-party action brought by Defendant and Third-Party Plaintiff Ferro Corporation pursuant to Fed. R. Civ. Pro. 14(a) against Third-Party Defendants PMC, Inc. and Philip E. Kamins for declaratory judgment, injunction and other relief and judgment for indemnification and recovery of any response costs and other damages which have been, or will be, incurred by Third-Party Plaintiff Ferro Corporation in this action.  The claims asserted by Third-Party Plaintiff Ferro Corporation are asserted pursuant to the Settlement Agreement dated April 23, 1991 (attached as Exhibit A) between Third-Party Plaintiff and Third-Party Defendants.

2.      Defendant and Third-Party Plaintiff Ferro Corporation (hereinafter "Third-Party Plaintiff" or "Ferro Corporation") is a corporation duly organized and existing under the laws of the State of Ohio with its principal place of business located at 6060 Parkland Boulevard, Mayfield Heights, Ohio 44124.

3.      Third-Party Defendant PMC, Inc. (hereinafter "Third-Party Defendant" or "PMC, Inc.") is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business located at 12243 Branford Street, Sun Valley, California 91352-1010.

8418026 v1

4.      Third-Party Defendant Philip E,. Kamins (hereinafter "Third-Party Defendant" or "Kamins") is an individual residing at 121 Copley Place, Beverly Hills, California 90210.

5.      This Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1332, 1367, 2201 and 2202.  The amount in controversy in this case exceeds the sum of $75,000 exclusive of interest and costs.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(a) and (c).

7.      In addition, as provided in Section 5.4 of the April 23, 1991 Settlement Agreement between Third-Party Plaintiff and Third-Party Defendants, the parties have consented to the jurisdiction and venue of this Court.

## FACTS COMMON TO ALL CLAIMS

8.      On or about April 23, 1991, Third-Party Plaintiff Ferro Corporation and Third-Party Defendants PMC, Inc. and Kamins entered into that certain Settlement Agreement dated as of April 23, 1991 (hereinafter the "Settlement Agreement").  A true and correct copy of the Settlement Agreement is attached as Exhibit A.

9.      Pursuant to Section 3.1 of the Settlement Agreement, Third-Party Defendant PMC, Inc., on behalf of itself, its successors and assigns, agreed to defend, indemnify and hold Third-Party Plaintiff Ferro Corporation, and its successors and assigns, harmless from and against all claims, losses, liability, obligations, damages, judgments and costs and expenses incurred, or to be incurred, by Third-Party Plaintiff, its successors and

3

assigns, (the defined "Indemnification Amounts"), arising out of or resulting from any claim relating directly or indirectly to defined "Environmental Matters" relating to the past or future conduct of any business involving the defined "Property". Defined "Excluded Claims" were excluded from this indemnification.

10.    Further, pursuant to Section 3.1 of the Settlement Agreement, Third-Party Defendant PMC Inc. agreed to diligently undertake the defense of any claims and demands and take all actions necessary and appropriate to substitute itself for Third-Party Plaintiff within fifteen (15) days after receipt of notice of claim. If Third-Party Defendant PMC, Inc., or its successors or assigns, fails to conduct such defense, Third-Party Plaintiff, its successors or assigns, shall have the right to conduct the defense at the expense of Third-Party Defendant PMC Inc. No failure by PMC Inc. to assume such defense shall serve to reduce Third-Party Defendant PMC Inc.'s obligation to pay the defined Indemnification Amounts to Third-Party Plaintiff.

11.    Pursuant to Section 2.1 of the Settlement Agreement, Third-Party Defendant Kamins personally guaranteed the obligations of Third-Party Defendant PMC Inc. under Section 3.1 of the Settlement Agreement to a maximum amount of $10,500,000 (hereinafter the "Kamins Guarantee"). The Kamins Guarantee was made on behalf of Kamins, his heirs, executors, administrators, estate and beneficiaries. The Kamins Guarantee is an absolute and unconditional guarantee of the full payment and performance of Third-Party Defendant PMC Inc.'s obligations under the Settlement Agreement. Third-Party Plaintiff Ferro Corporation has the right to enforce the Kamins

4

Guarantee without first pursuing any other right or remedy which may be available to Third-Party Plaintiff.

12.     Further, pursuant to Section 2.1 of the Settlement Agreement, Third-Party Defendant Kamins, on behalf of himself, his heirs, executors, administrators, estate and beneficiaries, irrevocably waived defined defenses, notices, demand, and rights of subrogation as provided in Section 2.1 of the Settlement Agreement.

13.     On August 15, 2014, Plaintiffs Alcoa Inc. et al. filed the present action against Defendant and Third-Party Plaintiff Ferro Corporation and others. <u>Alcoa, Inc. et al. v. APC Investment Co., et al.</u>, United States District Court, Central District of California, Western Division, Case No. 2:14-cv-06456. The original complaint has been subsequently amended. By this action, Plaintiffs seek cost recovery and a declaratory judgment against Defendant and Third-Party Plaintiff Ferro Corporation and others under Sections 107(a) and 113(g)(2) of CERCLA, 42 U.S.C. §§9601-9675, for abatement under Section 7002 of RCRA, 42 U.S.C. §§ 6701-6992 k, and for injunctive relief and compensatory damages under California law for alleged environmental contamination at the "PMC Source Property" located at and/or adjacent to 10051 Romandel Avenue, Santa Fe Springs, California (the "PMC Source Property").

14.     The PMC Source Property as referenced in this action is the same "Property" as defined in the April 23, 1991 Settlement Agreement. Further, the claims asserted in Case No. 2:14-cv-06456 are "Environmental Matters" and are not "Excluded Claims" as defined in the April 23, 1991 Settlement Agreement.

15.     Accordingly, any response costs and other damages which have been, or will be, incurred by Third-Party Plaintiff Ferro Corporation in Case No. 2:14-cv-06456 are "Indemnification Amounts" as defined in the April 23, 1991 Settlement Agreement.

16.     Despite notice and demand, Third-Party Defendant PMC Inc. has declined, failed or refused to defend, indemnify and hold Third-Party Plaintiff Ferro Corporation harmless from and against the claims, losses, liability, obligations, damages, deficiencies, judgments, costs and expenses constituting the defined "Indemnification Amounts" as provided in the April 23, 1991 Settlement Agreement and arising out of, or resulting from, the claims asserted in Case No. 2:14-cv-06456.

17.     Further, despite notice and demand, Third-Party Defendant Kamins has declined, failed or refused to honor the Kamins Guarantee as provided by the April 23, 1991 Settlement Agreement, including specifically Section 2.1 of the Settlement Agreement.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment)

18.     Third-Party Plaintiff Ferro Corporation incorporates by reference herein each and every allegation above.

19.     There exists an actual and substantial controversy between the parties regarding their respective rights and obligations under the April 23, 1991 Settlement Agreement.

8418026 v1

20.     Pursuant to 28 U.S.C. § 2201, this Court has jurisdiction to declare the respective rights and other legal relations of the parties under the April 23, 1991 Settlement Agreement.

21.     Third-Party Plaintiff Ferro Corporation is entitled to declaratory judgment as follows:

a)      Pursuant to Section 3.1 of the Settlement Agreement, Third-Party Defendant PMC, Inc. is obligated to defend, indemnify and hold Third-Party Plaintiff Ferro Corporation, and its successors and assigns, harmless from and against all claims, losses, liability, obligations, demands, judgments and costs and expenses incurred, or to be incurred, by Third-Party Plaintiff arising out of or resulting from any claims asserted by Plaintiffs in Case No. 2:14-cv-06456 which constitute defined "Environmental Matters" and not defined "Excluded Claims" and further constitute defined "Indemnification Amounts" as provided in the Settlement Agreement.

b)      Further pursuant to Section 3.1 of the Settlement Agreement, Third-Party Defendant PMC, Inc. is obligated to diligently undertake the defense of Third-Party Plaintiff Ferro Corporation of the claims asserted by Plaintiffs in Case No. 2:14-cv-06456 and to take all actions necessary and appropriate to substitute itself for Third-Party Plaintiff, its successors and assigns, in any negotiations or proceedings arising out of such claims and to fully protect Third-Party Plaintiff, its successors and assigns from all liability

7

8418026 v1

for defined "Indemnification Amounts", and, upon failure to do so, to promptly reimburse Third-Party Plaintiff, its successors and assigns, for any defined "Indemnification Amounts" incurred pursuant to the provisions of the Settlement Agreement.

c)     Pursuant to Section 2.1 of the Settlement Agreement, Third-Party Defendant Kamins, is obligated to indemnify and reimburse Third-Party Plaintiff Ferro Corporation for all defined "Indemnification Amounts" under the Settlement Agreement not reimbursed by Third-Party Defendant PMC, Inc. to the maximum amount of $10,500,000 pursuant to the Kamins Guarantee provided in Section 2.1 of the Settlement Agreement.

## SECOND CLAIM FOR RELIEF
### (Injunction and Other Relief)

22.     Third-Party Plaintiff Ferro Corporation incorporates by reference herein each and every allegation above.

23.     Pursuant to 28 U.S.C. § 2202, this Court has jurisdiction to grant such further necessary or proper relief based on any declaratory judgment or decree granted by the Court.

24.     Third-Party Plaintiff Ferro Corporation is entitled to injunction and other relief as is necessary and proper to enforce any declaratory judgment or decree granted by this Court.

THIRD-PARTY PLAINTIFF FERRO CORPORATION'S THIRD-PARTY COMPLAINT
AGAINST THIRD-PARTY DEFENDANTS PMC, INC. AND PHILIP E. KAMINS
Case No. 2:14-cv-06456 GW (EX.)

8418026 v1

## THIRD CLAIM FOR RELIEF
### (Breach of Contract -Third-Party Defendant PMC Inc.)

25.     Third-Party Plaintiff Ferro Corporation incorporates by reference herein each and every allegation above.

26.     Defendant PMC, Inc. is in breach of the April 23, 1991 Settlement Agreement, including specifically Section 3.1 of the Settlement Agreement, due to its failure or refusal to defend, indemnify and hold Third-Party Plaintiff Ferro Corporation harmless from and against the claims, losses, liabilities, allegations, damages, deficiencies, judgments, costs and expenses constituting the defined "Indemnification Amounts" arising out of or resulting from the claims asserted in Case No. 2:14-cv-06456.

27.     Third-Party Plaintiff Ferro Corporation is entitled to a judgment against Third-Party Defendant PMC, Inc. in an amount no less than $75,000 which includes the following:

a)     All claims, losses, liabilities, obligations, damages, deficiencies, judgments costs and expenses constituting the defined "Indemnification Amounts" arising out of or resulting from the claims asserted in Case No. 2:14-cv-06456 which Third-Party Plaintiff has incurred or will incur in the future;

b)     All costs and expenses incurred, or to be incurred, by Third-Party Plaintiff Ferro Corporation, including costs of investigation, legal and consulting fees and other damages, in defending the claims asserted in Case

9

8418026 v1

No. 2:14-cv-06456; and

c)    Interest, attorney's fees and costs.

## FOURTH CLAIM FOR RELIEF
### (Breach of Contract - Third-Party Defendant Kamins)

28.    Third-Party Plaintiff Ferro Corporation incorporates by reference herein each and every allegation above.

29.    Third-Party Defendant Kamins is in breach of the April 23, 1991 Settlement Agreement, including specifically Section 2.1 of the Settlement Agreement, due to his failure or refusal to honor the Kamins Guarantee as provided by the April 23, 1991 Settlement Agreement.

30.    Third-Party Plaintiff Ferro Corporation is entitled to a judgment against Third-Party Defendant Kamins in an amount no less than $75,000 which includes the following:

a)    All claims, losses, liabilities, obligations, damages, deficiencies, judgments costs and expenses constituting the defined "Indemnification Amounts" arising out of or resulting from the claims asserted in Case No. 2:14-cv-06456 which Third-Party Plaintiff has incurred or will incur in the future;

b)    All costs and expenses incurred or to be incurred, by Third-Party Plaintiff Ferro Corporation, including costs of investigation, legal and consulting fees and other damages, in defending the claims asserted in Case

8418026 v1

No. 2:14-cv-06456; and

c) Interest, attorney's fees and costs.

WHEREFORE, Third-Party Plaintiff Ferro Corporation hereby demands the following relief:

1. Declaratory Judgment in favor of Third-Party Plaintiff Ferro Corporation and against Third-Party Defendants PMC, Inc. and Kamins as requested in the First Claim For Relief;

2. Injunction and other relief in favor of Third-Party Plaintiff Ferro Corporation and against Third-Party Defendants PMC, Inc. and Kamins as requested in the Second Claim For Relief;

3. Judgment in favor of Third-Party Plaintiff Ferro Corporation, against Third-Party Defendant PMC, Inc. on the Third Claim For Relief in an amount no less than $75,000 which includes the following:

a) All claims, losses, liabilities, obligations, damages, deficiencies, judgments costs and expenses constituting the defined "Indemnification Amounts" arising out of or resulting from the claims asserted in Case No. 2:14-cv-06456 which Third-Party Plaintiff has incurred or will incur in the future;

b) All costs and expenses incurred, or to be incurred, by Third-Party Plaintiff Ferro Corporation, including costs of investigation, legal and consulting fees and other damages, in defending the claims asserted in Case

11

THIRD-PARTY PLAINTIFF FERRO CORPORATION'S THIRD-PARTY COMPLAINT
AGAINST THIRD-PARTY DEFENDANTS PMC, INC. AND PHILIP E. KAMINS
Case No. 2:14-cv-06456 GW (EX.)

8418026 v1

No. 2:14-cv-06456; and

      c)    Interest, attorney's fees and costs;.

4.    Judgment in favor of Third-Party Plaintiff Ferro and against Third-Party Defendant Kamins on the Fourth Claim For Relief in an amount no less than $75,000 which includes the following:

      a)    All claims, losses, liabilities, obligations, damages, deficiencies, judgments costs and expenses constituting the defined "Indemnification Amounts" arising out of or resulting from the claims asserted in Case No. 2:14-cv-06456 which Third-Party Plaintiff has incurred or will incur in the future;

      b)    All costs and expenses incurred, or to be incurred, by Third-Party Plaintiff Ferro Corporation, including costs of investigation, legal and consulting fees and other damages, in defending the claims asserted in Case No. 2:14-cv-06456; and

      c)    Interest, attorney's fees and costs.

5    An award to Third-Party Plaintiff Ferro Corporation of its costs, interest and attorney's fees; and

6.    Such other relief in law or in equity to which Third-Party Plaintiff Ferro Corporation is entitled.

8418026 v1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

BENESCH, FRIEDLANDER, COPLAN
   & ARONOFF, LLP

Dated: February 23, 2015

By:/s/ Bryan Schwartz
Bryan Schwartz (Ca. Bar No. 135928)
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone: (216) 363-4420
Facsimile: (216) 363-4588
Attorneys for Defendant Ferro Corporation

13

8418026 v1

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

BENESCH, FRIEDLANDER, COPLAN
& ARONOFF, LLP


By: /s/ Bryan Schwartz
Bryan Schwartz (Ca. Bar No. 135928)
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone: (216) 363-4420
Facsimile: (216) 363-4588
Attorneys for Defendant Ferro Corporation

8418026 v1

APRIL 23, 1991

SETTLEMENT AGREEMENT DATED AS OF
APRIL 23, 1991
BETWEEN PMC, INC., PHILIP E. KAMINS AND FERRO CORPORATION

Exhibit A
15

SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement"), dated as of April 23, 1991, is made and entered into by and among PMC, INC. ("PMC"), a Delaware corporation, Philip E. Kamins ("Kamins"), an individual residing in the State of California, and Ferro Corporation ("Ferro"), an Ohio corporation.

WHEREAS, Ferro was the owner of certain real property described in Exhibit A to the Asset Agreement (the "Productol Facility") from 1975 until January 28, 1986;

WHEREAS, on January 28, 1986, PMC entered into an Asset Purchase Agreement ("Asset Agreement") with Ferro pursuant to which PMC agreed to purchase certain assets of Ferro, including the Productol Facility;

WHEREAS, on or about January 28, 1986, PMC purchased the Productol Facility from Ferro pursuant to the Asset Agreement;

WHEREAS, PMC filed a complaint (the "Complaint") in Case No. 89-5486 JSL(BX) (the "Lawsuit") against Ferro in the United States District Court for the Central District of California seeking, among other things, relief concerning certain alleged environmental conditions at the Productol Facility and other relief;

WHEREAS, Ferro filed a counterclaim (the "Counterclaim") in the Lawsuit against PMC seeking relief from the alleged environmental conditions at the Productol Facility and in defense of the Complaint and seeking other relief;

WHEREAS, pursuant to a Waiver To Promissory Note Agreement dated January 26, 1989, between PMC and Ferro, PMC withheld the installment payment (principal and interest) due on January 27, 1989, (hereinafter referred to as

- 2 -

the "Withheld Funds") which was payable under the Promissory Note (dated January 27, 1986, in the original principal amount of $2,411,251.00 ["Note"]). The Note was made by PMC Specialties Group, Inc. to evidence a portion of the purchase price payable to Ferro under the Asset Agreement;

WHEREAS, pursuant to an Escrow Agreement dated February 5, 1990, between PMC and Ferro, PMC deposited the January 28, 1990, installment payment due under the Note, consisting of $569,055.24 including principal and interest, into Escrow No. 23-1155-YT held by City National Bank, Newport Beach, California;

WHEREAS, pursuant to an Escrow Agreement dated January 29, 1991, between PMC, Ferro and City National Bank, Beverly Hills, California, PMC deposited the January 28, 1991, installment payment due under the Note, consisting of $525,652.72 including principal and interest, into Escrow No. 29853-YT.  The amounts deposited into the two Escrow Accounts described in this paragraph and the previous paragraph, including interest accrued, are hereinafter referred to collectively as the "Escrow Funds"); and

WHEREAS, PMC, Kamins and Ferro, without admitting any issues of fact or law or any liability, wish to settle and dismiss the Complaint and the Counterclaim, and all claims asserted by either party in the Lawsuit, as well as all other claims by PMC or Ferro, their successors or assigns, known or unknown, now existing or hereafter arising (other than "Excluded Claims" as hereinafter defined) that are, or could be, asserted based upon any transactions between PMC (including its predecessors) and Ferro prior to the date hereof; and

WHEREAS, Kamins has advised Ferro and the Court in which the Lawsuit was filed that Kamins is the sole stockholder of PMC; and

WHEREAS, PMC Specialties Inc., the purchaser under the Asset Agreement, has been merged into PMC; and

Whereas, PMC and Ferro have agreed that, in accordance with the terms of this Agreement, in exchange for the payment to be made by Ferro hereunder, PMC has assumed all of Ferro's obligations for the satisfaction of any federal, state, county or local requirements for all environmental costs and expenses (other than Excluded Claims, as hereinafter defined) associated with the investigation, remediation or cleanup of the real property and the personal property located on or at the Productol Facility. These future costs and expenses include both external and internal costs and expenses. In accordance with the terms of this Agreement, by reason of the payment by Ferro to PMC provided for herein, PMC assumes Ferro's liability for those future costs and expenses and PMC agrees to utilize the monies received from Ferro for those purposes; and

Whereas, PMC has incurred $1,000,000 of expenditures to date relating to various environmental, health and safety equipment, improvements and costs and, by reason of the payment by Ferro to PMC provided for herein, Ferro has satisfied its obligation, if any, to reimburse PMC for such expenditures; and

WHEREAS, the following additional terms used in this Agreement shall have the respective meanings set forth below:

(a) "Property" means the Productol Facility and all tangible property including, without limitation, machinery, equipment, inventories and waste materials, at any time located thereon;

- 4 -
Exhibit A

(b) "Environmental Law" means any Federal, State or local law or regulation, including common law, relating to the environment, including without limitation the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§9601 et seq.;

(c) "Environmental Matters" means any matters arising under or relating to Environmental Law.

(d) "Successors and assigns", as applied to Ferro, for the purposes of this Agreement, shall not be deemed to include any predecessor owner of the Property which hereafter becomes a successor or assign of Ferro.

NOW, THEREFORE, in consideration of the foregoing and the mutual covenants set forth herein, PMC, Kamins and Ferro agree as follows:

(A) PMC and Ferro agree to reduce PMC's purchase price of the real property and depreciable personal property located at the Productol Facility by an amount of the principal portion of the Withheld Funds (including the Escrow Funds);

(B) PMC and Ferro agree that any interest amounts relating to or within the Escrow Funds are to be returned to or paid over to PMC and will be treated as interest income to PMC.

Section 1.   **Dismissal of Claims, Retention of Jurisdiction and Release.**

1.1   **Dismissal.**  Within 5 days after the date of this Agreement, the parties shall execute and file with the United States District Court for the Central District of California Stipulations of Dismissal with prejudice of all claims and counterclaims in the Lawsuit.

- 5 -

1.2   <u>Retention of Jurisdiction</u>.   The United States District Court for the Central District of California shall retain jurisdiction of the Lawsuit for the purpose of ensuring compliance with the terms and conditions of this Agreement.

1.3   <u>Release</u>.   Except as provided below with respect to Excluded Claims and except for claims arising under this Agreement, each of PMC and Ferro hereby releases the other, and their respective successors and assigns, from all claims, obligations, covenants and liabilities under the Asset Agreement (and any agreement or document entered into or made pursuant to the Asset Agreement including without limitation, the Note, the Escrow Agreements and the Supply Agreement, as defined in the Asset Agreement); from all claims in the Complaint, the Answer to the Complaint, the Counterclaim and the Answer to the Counterclaim in the Lawsuit; from all claims and liabilities arising out of the actions, transactions and occurrences which gave rise to the Lawsuit; and from all claims which PMC or Ferro, or their respective successors or assigns, now has or hereafter can, shall or may have against the other, or their respective successors or assigns, by reason of or arising out of or relating to any of the acts, omissions, facts, events, transactions or occurrences involving PMC (including its predecessors) and Ferro prior to the date hereof, known or unknown, now existing or hereafter arising. Notwithstanding the foregoing, PMC expressly reserves, and the foregoing shall not be deemed to be a release or waiver of, any claims (the "Excluded Claims") which PMC may have against Ferro relating to or arising from or out of the disposal by Ferro prior to January 28, 1986 of any substance, waste, hazardous waste or hazardous substance at sites other than the Productol Facility.

- 6 -

Exhibit A

20

1.4  <u>Covenants Not to Sue</u>.  Except for the Excluded Claims and claims arising under this Agreement, each party to this Agreement hereby covenants not to sue any other party to this Agreement, or their respective successors or assigns, with respect to any claims, covenants, liabilities or obligations under the Asset Agreement (or any agreement or document entered in pursuant thereto), any claims in the Complaint, the Answer to the Complaint, the Counterclaim and the Answer to the Counterclaim in the Lawsuit, any claims or liabilities arising out of the actions, transactions and occurrences which gave rise to the Lawsuit, or any claims which PMC or Ferro, or their respective successors or assigns, now has or hereafter can, shall or may have against the other, or their respective successors or assigns, by reason of or arising out of or relating to any of the acts, omissions, facts, events, transactions or occurrences involving PMC (including its predecessors) and Ferro prior to the date hereof, known or unknown, now existing or hereafter arising.

Section 2.   <u>Payment of Money and Guarantee</u>.

2.1  <u>Payment of $10,500,000.00 and Guarantee</u>.  Within ten (10) days after the date this Agreement is executed, Ferro shall pay to PMC $10,500,000.00 (United States currency) and any applicable interest Ferro is obligated to pay to PMC under subsection 2.2 to this Agreement.  In consideration of, and effective upon, Ferro's payment of $10,500,000.00 to PMC, Kamins shall and does hereby issue to Ferro the personal guarantee by Kamins of PMC's payment and performance of its obligations under Section 3.1 of this Agreement; provided however that the maximum liability of Kamins pursuant to this guarantee shall not exceed $10,500,000.00.  PMC shall not be

- 7 -

Exhibit A

obligated to provide any bond or security to Ferro of any type whatsoever for any obligation of PMC under this Agreement.

The Kamins guarantee contained herein is made by Kamins on behalf of himself, his heirs, executors, administrators, estate and beneficiaries.  This guarantee is an absolute and unconditional guarantee of the full payment and performance (regardless of whether performable by or collectible from PMC, its successors and assigns) of PMC's obligations under this Agreement.  This guarantee is in favor of Ferro, its successors and assigns.  The obligations of Kamins, his heirs, executors, administrators, estate and beneficiaries to Ferro, its successors and assigns, under this guarantee shall be payable and performable immediately on demand in the event of any default or breach by PMC, its successors or assigns, with respect to its obligations under Section 3.1 of this Agreement.  This guarantee is a guarantee of payment and performance, and not of collection.  Ferro, its successors and assigns, shall have the right to enforce this guarantee without first pursuing any other right or remedy which may be available to Ferro, its successors or assigns, against PMC, its successors or assigns or any other person.

Kamins, on behalf of himself, his heirs, executors, administrators, estate and beneficiaries, irrevocably waives:

> (a) · any defense based upon any legal disability of PMC, its
> successors or assigns, or Ferro, its successors or assigns, or
> limitation of the liability of PMC, its successors or assigns,
> whether consensual or arising by operation of law or any
> bankruptcy, insolvency, liquidation, reorganization,
> dissolution, winding up or debtor-relief proceeding, or from any
> other cause;

- 8 -

Exhibit A

(b)   diligence, presentment, demand, protest, filing of claims with
      any court and notice of any kind; provided, however, that (i)
      Ferro, its successors or assigns shall not initiate litigation
      to enforce the obligations of the Kamins guarantee without first
      giving thirty (30 days) advance notice thereof to PMC and Kamins
      pursuant to the notice provisions of this Agreement and (ii)
      nothing in this subparagraph (b) shall be deemed to be a waiver
      of an otherwise available statute of limitations defense;

(c)   all rights of subrogation, all rights to enforce any remedy that
      Kamins, his heirs, executors, administrators, estate and
      beneficiaries may have against PMC, its successors or assigns,
      and all rights to participate in any security held by Ferro, its
      successors or assigns, until the obligations of PMC under this
      Agreement have been paid and performed in full, either by PMC or
      by Kamins (nothing in this subparagraph (c) is intended to
      create an obligation for PMC or for Kamins to provide security
      at any time);

(d)   any defense based upon or arising from any inability to collect
      from PMC, its successors and assigns.

(e)   any defense based on any other circumstances which might
      otherwise constitute a legal or equitable defense or discharge
      of a guarantor or surety, or any limitation or termination, and
      irrespective of any other circumstances which might otherwise
      limit recourse against Kamins, his heirs, executors,
      administrators, estate or beneficiaries; provided, however, that
      nothing in this subparagraph (e) shall be deemed to be a waiver
      of an otherwise available statute of limitations defense.

Exhibit A

2.2  <u>Payment of Interest</u>.  Notwithstanding anything else in this Agreement to the contrary, interest shall accrue for the benefit of PMC and be payable by Ferro to PMC on the sum of $10,500,000 payable by Ferro to PMC hereunder from March 27, 1991 until paid in full at an annual rate equal to the "prime rate" offered by Citibank, N.A. from time to time.

In the event of the failure by Ferro to pay to PMC the sum of $10,500,000 together with interest thereon as provided for herein within ten (10) days after the date this Agreement is executed, then neither Ferro's obligation to pay interest under this subsection 2.2 nor the acceptance by PMC of such interest shall be deemed to be a liquidation or limitation of PMC's damages for Ferro's failure to pay such amounts on or before such tenth day or to be a waiver by PMC or a compromise or limitation on the remedies otherwise available to PMC at law or equity as a result of such breach or non-performance by Ferro hereunder, including, without limitation, PMC's right to enter judgment on, and execute on, Ferro's agreement to pay PMC $10,500,000 together with interest thereon.

2.3  <u>Release of Escrow Funds and Withheld Funds</u>.  Upon the signing of this Agreement by all parties, Ferro shall execute and deliver to PMC the written consent of Ferro instructing City National Bank's offices in Beverly Hills and Newport Beach, California to release the Escrow Funds to PMC and Ferro shall take such other actions and execute such other documents as may be within Ferro's control and as may be necessary to cause the release of the Escrow Funds to PMC.  Ferro and PMC each acknowledge and agree that the other party has no further obligation under the Asset Agreement (or any agreement or document entered into pursuant thereto, including, without limitation, the

- 10 -

Waiver to Promissory Note Agreement dated January 26, 1989), including any obligation of PMC to pay Ferro all or any portion of the Withheld Funds (including all interest accrued thereon). Neither the Escrow Funds nor the Withheld Funds shall be credited toward the payment Ferro is obligated to make to PMC under subsection 2.1 of this Agreement. Rather, the release of these funds shall be in addition to such payment. Ferro acknowledges and agrees that PMC has no further obligation under the Asset Agreement (or any agreement or document entered into pursuant thereto, including, without limitation, the Note) or otherwise to make payments to Ferro with respect to the purchase of the Productol Facility, except those obligations set forth in this Agreement.

2.4  Return of Documents; Return of Security Interest.  Upon execution of this Agreement by all parties, Ferro shall do the following: (a) mark "Cancelled" and return to PMC the original Note; (b) mark "Cancelled" and return to PMC the Guaranty dated January 27, 1986, which was made by PMC and PMC Specialties Group, Inc. and which guarantees, among other things, payment of the Note; (c) mark "Cancelled" and return to PMC the Security Agreement (the "Security Agreement") dated as of January 27, 1986 made by PMC Specialties Group, Inc., as debtor; and (d) execute such documents and take such action as may be necessary to release any security interest granted pursuant to the Security Agreement, including without limitation, execution and delivery of such documents as may be necessary to cancel any Uniform Commercial Code filing made pursuant to the Security Agreement.

Section 3.   Indemnification.

3.1  Indemnification.  PMC and its successors and assigns shall defend, indemnify, and hold Ferro and its successors and assigns harmless from

- 11 -

Exhibit A

and against all claims, losses, liabilities, obligations, damages, deficiencies, judgments, orders, actions, suits, proceedings, arbitrations, assessments, costs and expenses (including, without limitation, if PMC shall fail to control the defense as required hereunder, expenses of investigation and legal and consulting fees and disbursements incurred by Ferro, its successors or assigns, in defending such claims) (collectively the "Indemnification Amounts") arising out of or resulting from any claim relating directly or indirectly to Environmental Matters relating to the past or future conduct of any business involving any portion of the Property by PMC, Ferro or others (other than Excluded Claims) whether based on Ferro's negligence, strict liability, violation of law, willful or reckless acts or omissions, fraud or otherwise.  All such Indemnification Amounts incurred by Ferro, its successors or assigns, shall immediately be reimbursed by PMC, its successors and assigns.

Without limiting the scope or generality of any other provision of this Agreement, PMC, its successors and assigns shall satisfy or discharge all obligations or liabilities of any kind which are the subject matter of the indemnification contained herein (excepting only Excluded Claims), including without limitation the Notice of Violation issued by the California Department of Health Services to Ferro on February 22, 1985, in which PMC shall use its best efforts to substitute itself for Ferro as the only respondent under the Notice of Violation.  PMC shall also take all other actions necessary, at its sole expense, to provide for continued operation or demolition and closure of the Property in compliance with all applicable Environmental Laws.

- 12 -

Exhibit A

PMC shall not be obligated to indemnify Ferro against, and shall have no other responsibility or liability whatsoever to Ferro with respect to, the Excluded Claims.

If Ferro, its successors or assigns, wishes to make a claim for indemnity under this Section 3 against PMC, Ferro, or its successors or assigns, shall give notice to PMC of such claim in writing, which notice shall state in general terms the facts upon which Ferro makes such claim for indemnification together with reasonable documentation of such claim. In the event of any written claim or demand served upon Ferro, or its successors or assigns, by a third party upon which Ferro, or its successors or assigns, may claim indemnification under this Section 3, Ferro or its successors or assigns shall use reasonable efforts to give PMC, its successors or assigns, written notice thereof within fifteen (15) days after receipt of any such written claim or demand. Within fifteen (15) days after receipt of such notice from Ferro, PMC (or its successors or assigns) shall diligently undertake the defense of such claims and demands and take all actions necessary and appropriate to substitute itself for Ferro, its successors and assigns, in any negotiations or proceedings arising out of any such claim or demand and to fully protect Ferro, its successors and assigns from all liability for any Indemnification Amounts. Within such fifteen (15) day period PMC (or its successors or assigns) shall notify Ferro (or its successors or assigns furnishing the notice referred to in the first or second sentence of this paragraph) that it will undertake the defense and indemnification of such claims or demands in accordance with the provisions of the immediately preceding sentence. PMC, its successors or assigns, shall, at PMC's (or its

successors' or assigns') own expense, control such defense and, at PMC's (or

its successors' or assigns') request, Ferro, its successors or assigns, shall

cooperate with such defense as and to the extent reasonably requested by PMC

and at PMC's expense.  No failure by PMC to assume and control such defense

shall serve to reduce PMC's obligation to pay the Indemnification Amounts to

Ferro.  If PMC, its successors or assigns, is controlling the defense, Ferro,

its successors or assigns, may participate in the defense, at Ferro's (or its

successors' or assigns') own expense.  If PMC, its successors or assigns, does

not conduct such defense, Ferro, its successors or assigns, shall have the

right to conduct the defense at the expense of PMC, its successors or assigns,

(although PMC, its successors or assigns may participate therein) and Ferro,

its successors or assigns, shall have the right fully to control the

proceeding.  Delay or failure by PMC, its successors or assigns, or by Ferro,

its successors or assigns, to give notice as contemplated by this Section

within the time periods contemplated by this Section shall not be construed as

a waiver by the party so failing to give timely notice of the rights available

to it with respect to matters arising after notice is actually given,

including the right of Ferro, its successors, or assigns, to the payment of

Indemnified Amounts suffered, incurred or paid by Ferro, its successors or

assigns, after any notice is actually given, except for amounts constituting

Indemnified Amounts to the extent that PMC, its successors or assigns, shall

demonstrate that such amounts would not have been incurred if notice had been

timely given.  Ferro, its successors or assigns, shall not be required to give

notice hereunder with respect to facts actually known to PMC, its successors

or assigns; nor shall PMC, its successors or assigns, be required to give

- 14 -

Exhibit A

28

notice hereunder with respect to facts actually known to Ferro, its successors or assigns.

Section 4.    Confidentiality.

Except as otherwise required by law or by any validly issued judicial or administrative subpoena, civil investigative demand or other validly issued administrative request for information or documents, or as otherwise required herein, PMC, its successors and assigns and Ferro, its successors and assigns agree not to disclose to any person or entity not a party to this Agreement any document, report, data, correspondence, or other information pertaining to environmental contamination on, under, near, or emanating from the Productol Facility without the prior consent of the other corporate party to this Agreement; provided, however, that nothing in this Agreement shall:

(a)    Restrict PMC, without the prior consent of Ferro, from providing to federal, state, and local governmental agencies any information that PMC deems to be necessary or advisable, including, without limitation, any information in connection with the remediation of environmental contamination on, under, near, or emanating from the Productol Facility;

(b)    Restrict Ferro, without the prior consent of PMC, from providing, to the agency issuing such Notice of Violation, information on matters relating to the Notice of Violation referred to in the second paragraph of Section 3.1 hereof, unless PMC has caused itself to be substituted for Ferro as the only respondent under such Notice of Violation;

- 15 -

Exhibit A

29

(c.)   Restrict either party, without the prior consent of the other, from disclosures necessitated by emergency situations which dictate public disclosure; or

(d)   Restrict Ferro, without the prior consent of PMC, in any manner, if PMC is in default of its obligations under Section 3.1 of this Agreement and such default continues for a period of thirty (30) days after notice by Ferro to PMC thereof; but provided further that, for the purpose of this subparagraph (d) only PMC shall not be deemed to be in default of its obligations under Section 3.1 of this Agreement if the only basis of such uncured default is unhonored claims for payment of Indemnification Amounts aggregating less than $50,000.

Section 5.   **Miscellaneous.**

5.1   **Notices.**   All notices and other communications hereunder shall be in writing and shall be deemed given when delivered personally, by overnight courier or by telecopier to the parties at the following addresses (or at such other address for a party as shall be specified by like written notice):

(a)   If to Ferro:

Ferro Corporation
1000 Lakeside Avenue
Cleveland, Ohio  44114
Attention:  Vice President and General Counsel

with a copy to:

Squire, Sanders & Dempsey
1800 Huntington Building
Cleveland, Ohio  44115
Attention:  Paul B. Campbell, Esq.

- 16 -

(b)  If to PMC or Kamins:

PMC, INC. or Philip E. Kamins (as the case may be)
12243 Branford Street
Sun Valley, California  91353
Attention:  Philip E. Kamins, President

with a copy to:

Heller, Ehrman, White & McAuliffe
601 South Figueroa Street, 40th Floor
Los Angeles, California  90017-5758
Attention:  Rene P. Tatro, Esq.

5.2  <u>Lack of Admissions, etc.</u>  This Agreement has been executed for the purpose of putting to rest all controversy without further litigation, expense, delay or other detriment, and nothing in this Agreement, nor any document or instrument delivered hereunder, nor any negotiations, shall be construed as or deemed to be evidence of an admission or concession of any fact or position, of any fault or liability, or of any wrongdoing whatsoever by any of the parties hereto.  Neither this Agreement, nor any document or instrument delivered hereunder, nor any negotiations, shall be offered or received in evidence or used by any person or entity for any purpose whatsoever, other than as necessary to effectuate or enforce this Agreement, or to defend, on the grounds of <u>res judicata</u>, collateral estoppel or otherwise, any claim asserted against any of the parties hereto at any time in the future.

As to any representations waiving liability or releases from liability, all of the Parties understand and expressly waive any and all rights under Section 1542 of the California Civil Code which provides as follows:

- 17 -

Exhibit A

31

"A general release does not extend to claims which the
creditor does not know or suspect to exist in his favor
at the time of executing the release, which if known by
him must have materially affected his settlement with
the debtor."

5.3   Entire Agreement.   This Agreement contains the full agreement by
and among PMC, Ferro and Kaminz, supersedes any and all prior agreements and
understandings, if any, relating to the substance hereof between or among any
of the parties hereto and shall not be modified unless in writing and
expressly consented to by PMC, Ferro and Kaminz.

5.4   Choice of Law.   This Agreement shall be governed by and
construed in accordance with the laws of the State of California, without
regard to California's conflict-of-law rules.   Any suit or action on this
Agreement shall be brought in the United States District Court for the Central
District of California.   All parties to this Agreement consent to the
jurisdiction and venue of such Court for such purpose.

5.5   Counterparts.   This Agreement may be executed in one or more
counterparts, each of which shall be deemed an original, but all of which
together shall constitute one and the same instrument.

5.6   Litigation and Settlement Costs.   Each party to the Lawsuit
shall bear its own litigation and settlement costs in connection with the
Lawsuit.   Should any litigation be commenced among the parties to this
Agreement concerning this Agreement or the rights and duties of the parties
hereunder, the party prevailing in that litigation shall be entitled, in
addition to any other relief granted, to all costs and expenses incurred by

such prevailing party in connection with such litigation, including, without limitation, all reasonable attorneys' fees.

    5.7   Authority.   All parties hereto represent and warrant for the benefit of the other parties hereto that its or his execution, delivery and performance of this Agreement have been authorized by all necessary corporate or other action, that this Agreement constitutes its or his valid and binding obligation and that the persons executing and delivering this Agreement on its behalf or individually are duly authorized to do so.

    5.8   Further Assurances.   At any time and from time to time each of the parties hereto will, at the request of any other party hereto, perform, execute, acknowledge and deliver all such further acts, instruments, and assurances as may be reasonably necessary to carry out the purposes of this Agreement; provided, however, that nothing contained in this Section 5.8 shall be deemed to amend the substantive provisions of this Agreement or to create obligations which do not otherwise exist under this Agreement including, without limitation, any assurance under any provision of the Uniform Commercial Code.

    5.9   Interpretation.   The captions contained in this Agreement have been inserted for purposes of convenience and ease of reference only and shall not affect the construction or interpretation of this Agreement or any of its provisions.   The normal rule of contractual construction providing that ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

- 19 -

Exhibit A

33

IN WITNESS WHEREOF, the parties have caused this Agreement to be duly executed as of the date first written above.

Attest:

_Lori M. Johnson_
Name and Title
LORI M. JOHNSON
VICE PRESIDENT

PMC, INC.

By: _____

Title: _President_

Attest:

By J. McNamee, Vice President
General Counsel and Assistant
Secretary

FERRO CORPORATION

By: _A. C. Bersticker_
A. C. Bersticker
Title: President and Chief Operating
Officer

Witness:

_Lori M. Johnson_

_____
Philip E. Kamins

- 20 -

Exhibit A