1 LOWELL ROTHSCHILD, SBN 171015
2 Lowell.Rothschild@bgllp.com
BRACEWELL & GIULIANI LLP
3 2000 K Street NW, Suite 500
4 Washington, D.C. 20006-1809
Telephone: 202-828-5817
5 Telecopy:  800-404-3970
6 Attorneys for Defendant
Pilot Chemical Corp.
7

8 UNITED STATES DISTRICT COURT

9 CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  ALCOA INC., *et al*, | Case No 2:14-cv-06456 GW (Ex.) |
| 12       Plaintiffs, | Assigned to: Hon. George H. Wu |
| 13  v. | [~~PROPOSED~~] **STIPULATED** |
| 14  APC INVESTMENT CO., *et al*, | **PROTECTIVE ORDER** |
| 15       Defendants. | |
| 16 | Complaint filed: August 15, 2014 |
| 17 | Trial Date:     None Set |

Having read and consdered the Stipulation Seeking Protective Order ("Stipulation") submitted by Plaintiffs Alcoa Inc., et al. ("Plaintiffs") and Defendants Mission Linen Supply; Phibro Tech, Inc.; First Dice Road Company, A California Limited Partnership; Pilot Chemical Corp.; Union Pacific Railroad Company; Burke Street, LLC; Bodycote Thermal Processing, Inc.; and Palmtree Acquisition Corporation (collectively, the "ODSPG Defendants"), and finding good cause therefor, IT IS HEREBY ORDERED THAT:

1. For purposes of this Protective Order, the term:

    a. "Settlement Information" shall mean negotiations, discussions and whatever information and documents that have been or may hereafter be exchanged between Plaintiffs and the ODSPG Defendants in furtherance of their negotiations and discussions in an effort to resolve their disputes in this lawsuit;

    b. "Third Party" shall mean any person or entity that is not a party to the Stipulation; and

    c. "Discoverable Information" shall mean documents and information that (i) were not created for the exclusive purpose of furthering settlement negotiations and discussions between Plaintiffs and the ODSPG Defendants, and (ii) are neither confidential nor privileged independent of their qualification as Settlement Information.

2. Except as expressly set forth herein, and absent further order of this Court, the production of Settlement Information in response to any Third Party discovery request, including but not limited to any interrogatory, request for admission, document request, deposition question or subpoena, propounded in this or any other litigation or legal or administrative proceeding is prohibited.

3. Documents and information that are confidential or privileged independent of their qualification as Settlement Information shall not lose and have not lost their confidential or privileged status by virtue of being exchanged between Plaintiffs and the ODSPG Defendants in furtherance of settlement negotiations and discussions.

4. Discoverable Information shall not be protected from disclosure under this Protective Order.

5. If a Plaintiff or ODSPG Defendant produces Discoverable Information in response to a Third Party discovery request, it shall not disclose that the Discoverable Information was exchanged between Plaintiffs and the ODSPG Defendants in furtherance of settlement negotiations and discussions.

DATED: 8 5, 2015        By: /s/
                        HON. ~~GEORGE H. WU~~ Charles F. Eick
                        ~~Magistrate~~ Judge of the U.S. District Court
                        Central District of California

3