LATHROP GAGE LLP
Nancy Sher Cohen, Bar No. 81706
    ncohen@lathropgage.com
Ronald A. Valenzuela, Bar No. 210025
    rvalenzuela@lathropgage.com
1888 Century Park East, Suite 1000
Los Angeles, California  90067-1623
Telephone:   310.789.4600
Facsimile:   310.789.4601

John M. Terry (*admitted pro hac vice*)
    jterry@lathropgage.com
1515 Wynkoop Street, Suite 600
Denver, CO 80202
Telephone:   (720) 931-3200
Facsimile:   (720) 931-3201

Attorneys for Plaintiffs
Arconic Inc., et al.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCONIC INC., et al., | Case No.  2:14-cv-06456 GW (Ex.) |
| Plaintiffs, | **DECLARATION OF JACK KEENER IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT RE: STATUTE OF LIMITATIONS** |
| v. | |
| APC INVESTMENT CO., et al., | |
| Defendants. | Hearing Date:  August 6, 2018 |
| | Time:             8:30 a.m. |
| | Location:       Courtroom 9D, 9th Floor |
| | 350 W. 1st Street |
| | Los Angeles, CA 90012 |
| | |
| | Judge:          Hon. George H. Wu |
| AND RELATED CROSS ACTIONS, COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS | |

Lathrop Gage LLP
1888 Century Park East, Suite 1000
Los Angeles, California 90067-1623

1

## DECLARATION OF JACK KEENER

2

I, Jack Keener, declare as follows:

3    1.    I make this declaration in support of Plaintiffs' Supplemental Brief in

4  Opposition to Defendants' Motion for Summary Judgment re: Statute of

5  Limitations ("Plaintiffs' Supp. Brief"). The facts stated in this declaration are based

6  on my personal knowledge and if called as a witness, I would and could

7  competently testify thereto.

8    2.    I am a Project Manager at de maximis, inc., and have been employed

9  in that capacity since 2010. De maximis is a technical consultant hired by the

10  Omega Chemical Potentially Responsible Parties Organized Group ("OPOG") with

11  respect to the investigation and remediation of the Omega Chemical Superfund Site

12  (the "Omega Site"), and I have been assigned to the Omega Site since I started at de

13  maximis. I am also the designated OU2 Project Coordinator pursuant to the OU2

14  Consent Decree entered between the United States, State of California, members of

15  OPOG, and others, which was approved by the Court on March 31, 2017.

16    3.    Part of my duties as technical consultant for OPOG, and as OU2

17  Project Coordinator, include keeping track of and being familiar with the nature and

18  amount of costs OPOG has incurred in connection with OU2 and the other

19  Operable Units at the Omega Site.  This includes being familiar with the work and

20  costs associated with the different Operable Units at the Omega Site prior to my

21  tenure at de maximis.

22    4.    In response to this Court's request at the July 12, 2018, hearing on

23  Defendants' Motion for Summary Judgment Re: Statute of Limitations, Plaintiffs

24  prepared a Cost Table, attached as Exhibit 1 to Plaintiffs' Supp. Brief. At Plaintiffs'

25  request, and based upon information and materials maintained by de maximis on

26  behalf of OPOG, as well as my knowledge and experience as Project Manager and

27  Project Coordinator, I provided information about the amounts and descriptions of

28

Lathrop Gage LLP
1888 Century Park East, Suite 1000
Los Angeles, California 90067-1623

costs incurred by OPOG relating to OU2 in each of the years between 2001 and 2018, which has been incorporated into the Cost Table.

5.     As the Cost Table indicates, OPOG incurred no costs relating to OU2 prior to 2009. OPOG first began incurring limited OU2 response costs in 2009, but in the two to three years immediately preceding the filing of this lawsuit in late 2014, OPOG incurred several million dollars of costs relating to OU2, including response costs to identify other PRPs responsible for the OU2 contamination and to evaluate potentially more cost-effective uses for the extracted OU2 groundwater.[1] To date, OPOG has spent a total of approximately $16.5 million on OU2 related response costs.

6.     OPOG had expended approximately $16 million of OU1 costs as of 2007, and as of today, OPOG has expended approximately $50 million in OU1 and OU3 related costs in total.

7.     Also at Plaintiffs' request, I provided information, which was incorporated into the Cost Table, concerning the major activities that Plaintiffs understood were conducted by the United States Environmental Protection Agency ("EPA") at the Omega Site between 2001 and the present. Some of the information contained in the chart concerning the more recent activities performed by EPA at the Omega Site is based upon my personal knowledge as Project Manager and Project Coordinator.  The remaining information contained in the Cost Table concerning EPA's activities was obtained from publicly available documents, including from EPA's Administrative Record for the Omega Site.

---

[1] Based in part on OPOG's PRP identification work, EPA noticed two additional PRPs in 2013 (*See* footnote 10 to Dkt. # 770-18) and an additional PRP in 2017. Also based in part on OPOG's OU2 work, EPA also issued an Explanation of Significant Differences ("ESD") in 2017 allowing a broader set of uses for the extracted and treated groundwater.

Lathrop Gage LLP
1888 Century Park East, Suite 1000
Los Angeles, California 90067-1623

8.      It is Plaintiffs' understanding that, prior to 2012, EPA had expended close to $30 million to perform its OU2 tasks including completing the OU2 Remedial Investigation/Feasibility Study and Record of Decision and identifying the list of PRPs that received Special Notice Letters in 2012.  This information was prepared and incorporated into the chart at my direction and under my supervision.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on July 19, 2018 in San Diego, California.

_____
Jack Keener

**Lathrop Gage LLP**
1888 Century Park East, Suite 1000
Los Angeles, California 90067-1623