UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6456-GW(Ex) | Date | October 15, 2020 |
|---|---|---|---|
| Title | *Arconic, Inc., et al. v. APC Investment Co., et al.* | | |

Present: The Honorable  GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Terri A. Hourigan | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | Lauren Shoor |
| | David F. Wood |
| | Brian D. Langa |

**PROCEEDINGS:** **TELEPHONIC HEARING ON MOTION TO DISMISS CROSS CLAIMS OF AND AGAINST DEFENDANTS EXXONMOBIL OIL CORPORATION AND CONTINENTAL HEAT TREATING, INC. [868]**

Court hears oral argument. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. The Court GRANTS the Motion. Court to issue order.

: 04

Initials of Preparer   JG

*Arconic, Inc. et al v. APC Investment Co. et al*; Case No. 2:14-cv-06456-GW-(Ex)
Tentative Ruling on ExxonMobil Oil Corporation's and Continental Heat Treating, Inc.'s Motions to Dismiss

## I.     Background[1]

This lawsuit arises from the activities of Omega Chemical Corporation, which operated a refrigerant and solvent recycling and treatment facility located in Whittier, California. Omega Chemical operated the facility from approximately 1976 to 1991, and as a result of its operations the surrounding subsurface soil and groundwater were contaminated with high concentrations of PCE, TCE, and other contaminants. This contamination ultimately led the area to be designated by the Environmental Protection Agency ("EPA") as the Omega Chemical Corporation Superfund Site (the "Site").

Plaintiffs (or their predecessors, affiliated entities, assignees, and/or obliges) are companies that allegedly sent chemicals to the Site for processing and recycling, and that the EPA contends are responsible for helping to remediate the contamination at the Site. They filed this lawsuit against the defendants, which owned or operated businesses near the Site (and, hence, are potentially responsible parties) seeking contribution and a declaratory judgment under sections 113(f) and 113(g)(2) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA").

Two of those defendants, Continental Heat Treating, Inc. and ExxonMobil Oil Corporation (collectively, the "Settling Defendants") were recently added into a consent decree in a related action brought by the United States, *U.S., et al v. Abex Aerospace, et al.*, No. 16-cv-02696 (the "*Abex* Action"). Under the consent decree, the Settling Defendants will contribute additional money to fund cleanup work at the Site. *See Abex* Action, ECF No. 64.

The Settling Defendants filed this unopposed motion to: (1) dismiss the other defendants' crossclaims against them as required by the consent decree; and (2) voluntarily dismiss their crossclaims against the other defendants. *See* Mot.

## II.    Discussion

As already noted, the dismissal of the cross-claims against the Settling Defendants is required by the consent decree entered into in the *Abex* action, which protects the participating

---

[1] The following abbreviations are used for the filings: (1) Fifth Amended Complaint ("5AC"), ECF No. 526; (2) Defendant's Motion to Dismiss ("Mot."), ECF No. 868.

defendants from contribution claims under Section 113(f)(2) of CERCLA.  *See Abex* Action, ECF No. 19 ¶ 81.  As for the Settling Defendants' crossclaims against the other defendants, they move to voluntarily dismiss them under Rule 41(c), which "applies to a dismissal of any counter claim, crossclaim, or third-party claim" and requires that the request be made "before a responsive pleading is served" or if there is no responsive pleading "before evidence is introduced at a hearing or trial."  Fed. R. Civ. P. 41(c).  The Court is satisfied that a voluntary dismissal without prejudice is appropriate here.

For these reasons, the Court **GRANTS** the motion.