LATHROP GAGE LLP
Nancy Sher Cohen, Bar No. 81706
    ncohen@lathropgage.com
Ronald A. Valenzuela, Bar No. 210025
    rvalenzuela@lathropgage.com
1888 Century Park East, Suite 1000
Los Angeles, California 90067-1623
Telephone:    310.789.4600
Facsimile:    310.789.4601

John M. Terry (*admitted pro hac vice*)
    jterry@lathropgage.com
1515 Wynkoop Street, Suite 600
Denver, CO 80202
Telephone: (720) 931-3200
Facsimile: (720) 931-3201

Attorneys for Plaintiffs
Arconic Inc., et al.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

|  |  |
|---|---|
| ARCONIC INC., et al.,<br><br>       Plaintiffs,<br><br>v.<br><br>APC INVESTMENT CO., et al.,<br><br>       Defendants.<br><br>AND RELATED CROSS ACTIONS, COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS | Case No.  2:14-cv-06456 GW (Ex.)<br><br>**PARTIES' JOINT STATUS CONFERENCE REPORT**<br><br>Judge: Hon. George H. Wu<br><br>Date:  October 29, 2020<br>Time:  8:30 a.m. |

1    Plaintiffs Arconic Inc. et al. ("Plaintiffs") and the undersigned defendants
2    ("Defendants") (collectively, "the Parties") hereby submit this Joint Status Conference
3    Report, as ordered by the Court, in anticipation of the October 29, 2020 Status Conference
4    regarding the schedule for the summary-adjudication and/or summary-judgment motions
5    that the Parties anticipate filing. By concurring in the filing of this joint document, the
6    Parties do not mean to imply agreement with each other's statements of position.

7    **I.      BACKGROUND**

8        **A.      Plaintiffs' Position**

9        This is an environmental action in which Plaintiffs contend that defendants in
10   this case are either current or former owners, or current or former operators, of
11   facilities that have contributed to the groundwater contamination designated as
12   Operable Unit 2 ("OU-2") at the Omega Chemical Superfund Site. Plaintiffs
13   contend that defendants are obligated to contribute to the costs arising from a
14   consent decree entered by this Court that imposes certain obligations on Plaintiffs,
15   and others, for addressing the OU-2 contamination ("OU-2 Consent Decree").

16       The Court ordered this case bifurcated into two phases. The current phase,
17   Phase I, involves two issues: (1) defendants' statute-of-limitations defense; and (2)
18   defendants' liability for certain elements of CERCLA liability for the OU-2
19   contamination. Regarding the first issue, Defendants' summary-judgment motion
20   on their limitations defense ("Statute of Limitations MSJ") was adjudicated by the
21   Court and appealed to the Ninth Circuit. Defendants lost on appeal, and their
22   petition for rehearing was denied by the Ninth Circuit on October 21, 2020.[1]

23

24       [1] Defendants contend that this "case has yet to be returned to this Court," but this
25   statement is both legally inaccurate and irrelevant. Defendants have no legal basis upon
26   which to contend that this Court is prohibited from exercising its authority to manage its own
27   docket and set a briefing schedule for the anticipated motions. But it is of no moment, as the
     Ninth Circuit has denied defendants' rehearing petition and must issue its mandate no later
2    than October 28, 2020, the day after the status conference. *See* Fed. R. App. P. 41(b).

As to the second issue, defendants' liability under CERCLA, Plaintiffs undertook an extensive and weeks-long effort to negotiate with each defendant a stipulation of undisputed facts relating to liability, but most Defendants were generally unwilling to stipulate to any material facts. The Parties thereafter engaged in extensive negotiations concerning page limits for anticipated summary-judgment or summary-adjudication motions on defendants' liability (the "Liability MSJs") and agreed upon how the multiple motions would be presented to the Court in a streamlined manner to avoid redundancy.[2] *See* May 11, 2018 Joint Stipulation (Docket No. 762). They also agreed upon the following briefing and hearing schedule for the Liability MSJs, a schedule that the Court adopted under its May 16, 2018 Order (Docket No. 765), and modified under its August 13 and September 10, 2018 Orders (Docket Nos. 795, 797):

  a.   The Parties shall file their respective Liability MSJs no later than 30 days from the date the Court issues its ruling on the Statute of Limitations MSJ, provided that the Court issued such ruling by September 27, 2018;[3]

  b.   The Parties shall notice the depositions of declarants who have submitted expert declarations in support of the Liability MSJs no later than 2 weeks after the Liability MSJs are filed;

  c.   Defendants' Oppositions to the Liability MSJs filed by Plaintiffs ("Defendants' Oppositions") shall be due 6 weeks after the Liability MSJs are filed;

---

[2] Specifically, the Parties agreed that Plaintiffs and Defendants would each collectively file on brief on common issues of law and all defendants associated with the same source property would jointly file a single brief, not multiple memoranda of law regarding their liability nor multiple statements of uncontested facts and conclusions of law. Docket No. 762.

[3] That ruling was issued on January 15, 2019. Docket No. 809.

d.    Plaintiffs' Oppositions to the Liability MSJs filed by
Defendants ("Plaintiffs' Oppositions") shall be due 7 weeks
after the Liability MSJs are filed;

e.    Defendants shall notice the depositions of declarants who have
submitted expert declarations in support of Plaintiffs'
Oppositions by no later than 8 weeks after the Liability MSJs
are filed;

f.    Plaintiffs shall notice the depositions of declarants who have
submitted expert declarations in support of Defendants'
Oppositions by no later than 9 weeks after the Liability MSJs
are filed;

g.    Defendants' Replies in Support of their Liability MSJs shall be
due 13 weeks after the Liability MSJs are filed;

h.    Plaintiffs' Reply in Support of their Liability MSJ shall be due
15 weeks after the Liability MSJs are filed; and

i.    The hearing on the Liability MSJs shall be set for 17 weeks
after the Liability MSJs are filed, or as soon thereafter as the
Court is available to hear such motions.

On September 10, 2020, the Court held a status conference, during which the above-referenced scheduled was discussed. Docket No. 870. As requested by Plaintiffs, the Court ordered the Parties to meet and confer about updating the schedule set forth in the Court's September 10 Order by agreeing upon a filing date for the Liability MSJs. *Id.* The Court also ordered the Parties to submit a status report by noon on October 27. *Id.*

Beginning on October 2, Plaintiffs' counsel attempted to schedule the Court-ordered conference. Plaintiffs identified 12 different days and times they were available for the conference. Plaintiffs also offered to provide their proposal for the filing date for the Liability MSJs in advance of the call to ensure that Defendants

1    had time to consider it and would be prepared to respond to the proposal during the

2    call. However, Defendants' liaison counsel reported that Defendants were not all

3    available on many of the 12 proposed dates and the other dates were

4    "inconvenient." Plaintiffs asked Defendants to propose a date and time for the

5    conference, but Defendants refused to do so, insisting instead that Plaintiffs provide

6    their proposal for the filing date for the Liability MSJs before scheduling the

7    conference.

8           Recognizing that Defendants had little interest in conferring on the Liability

9    MSJs, despite the Court's order to do so, on October 13, Plaintiffs e-mailed all

10   Defendants, advising that Plaintiffs would circulate a draft of the Court-ordered

11   joint status report on October 15. Plaintiffs also advised that they proposed January

12   4, 2021 as the filing date for the Liability MSJs for the reasons described below in

13   Section II.A. Plaintiffs sent a draft of the joint status report to Defendants on

14   October 15 as promised.

15          On October 22, Defendants advised Plaintiffs that they preferred February 2,

16   2021 as the filing date for the Liability MSJs. Defendants offered two reasons for

17   preferring this later date. First. Defendants contended that the Defendants

18   associated with the same source property needed time "to coordinate" the filing of

19   their collective memoranda of law. Second, the upcoming holidays in November

20   and December precluded Defendants from finalizing those briefs over the next two

21   months.

22          In the spirit of compromise, Plaintiffs offered to split the difference,

23   proposing that the Liability MSJs be filed on January 19. Defendants refused.

24   However, they did not contend that an extra two weeks would be insufficient to

25   finalize the Liability MSJs. Instead, they argued that one of the attorneys who

26   represents Defendants PMC Specialties Group, Inc. and its indemnitee, Defendant

27   Ferro Corp. (the "PMC Defendants") as well as the insurer-intervenors defending

2    now-defunct Palley Supply Company, has a trial starting on January 19. That trial

date, these Defendants argue, does not allow them "meaningful time to respond." Plaintiffs advised Defendants that a January 4 filing date would accommodate the trial date, and thus Plaintiffs would ask the Court to set January 4 as the filing date for the Liability MSJs.

On October 23, Defendants provided their portions of the joint status report.

**B.      Defendants' Position**

Defendants see nothing helpful or productive in responding to Plaintiffs' claims of non-responsiveness other than to say they disagree and have not ignored the Court's order to meet and confer on the MSJs schedule.   Moreover, Defendants' petition for rehearing and rehearing en banc was not denied until Wednesday, October 21, 2020, and the case has yet to be returned to this Court.  Defendants are considering filing a petition for certiorari

**II.      Filing Date for Liability MSJs**

**A.      Plaintiffs' Position**

Plaintiffs propose that the Parties file the Liability MSJs on January 4, 2021. As noted above in Section I.A, all other dates relating to briefing, expert disclosures and discovery, and the hearing on the motions are triggered by the filing date, as agreed to by the Parties and ordered by the Court. Accordingly, the filing date for the Liability MSJs is the only question this Court must decide, and Plaintiffs' proposed date, January 4, 2021, is appropriate.

This action was initiated in 2014. Plaintiffs have already incurred millions of dollars under the OU-2 Consent Decree to address the OU-2 contamination that Defendants bear responsibility for under CERCLA. And Plaintiffs are presently incurring millions of dollars each year under that consent decree. The sooner Plaintiffs may pursue their claims against Defendants for their liability for the OU-2 contamination, the sooner Defendants will be compelled to finally bear their share of the costs to address it.

Defendants have been preparing for the Liability MSJs since no later than 2018. The Parties began fact discovery on the issue of Defendants' liability approximately three years ago, in 2017. In March of 2018, the Court ordered the Liability MSJs filed by July 30, 2018. *See* Docket No. 731; Tr. of March 29, 2018 Status Conference, at 6:3-22. The Court

subsequently fixed the filing date to the issuance of its ruling on Defendants' Statute of Limitations MSJ, ordering that the Liability MSJs be filed **30 days** after the Court issued that ruling. Docket No. 795. Defendants' Statute of Limitations MSJ was fully argued by August 2018, and supplemental briefing was concluded in September. By this point, the Court had issued two tentative rulings denying Defendants' Statute of Limitations MSJ. Also in September, the Court issued an amended order regarding the briefing schedule for the Liability MSJs but did not change the filing date of the Liability MSJs; the filing date remained 30 days after the Court issued its ruling on Defendants' Statute of Limitations MSJ. Docket No. 797.

Thus, by January 2019, when the Court issued its ruling on Defendants' Statute of Limitations MSJ, Defendants well knew that the Liability MSJs could be due the following month and presumably were prepared for it. Providing the Parties an additional two months, as Plaintiffs propose, until January 4, 2021, to file the Liability MSJs is ample time to finalize what the Parties have been working on since 2017.

Defendants contend that it will take "some time to dust off the work done years ago;" they will need to "coordinate briefing," so February 4 is a more appropriate filing deadline. This excuse does not hold water.  As of September 2019, Defendants well knew that the anticipated Liability MSJs would be due 30 days after this Court ruled on defendants' statute-of-limitations summary-judgment motion. Defendants never advised the Court that 30 days would be insufficient time in which to finalize their work. And yet now, nearly three months after the Ninth Circuit issued its ruling on their statute-of-limitations motion, Defendants claim that they need an additional three months, for a total of *six months*, to "coordinate their briefing."[4] Plaintiffs respectfully submit that the Court need not reward Defendants for dallying.

_____

[4] Plaintiffs would also observe that there are 5 court holidays between now and January 4. This is hardly any reason to postpone the Liability MSJs filing date by 30 days, especially given that Defendants have already had nearly *three months* since the Ninth Circuit issued its ruling to "dust off" their work.

Defendants' second reason for purporting to need six months to finalize the Liability MSJs, a January 19 trial date for one of their attorneys, is also dubious. First, as this Court has personally observed, a small army of lawyers appears on behalf of Defendants at each hearing and status conference, but Defendants would ignore this fact and propose to delay the Liability MSJs because *one* attorney amongst that large group has a trial the week of January 19. Moreover, that attorney is one of four attorneys from the same law firm representing the PMC Defendants and Palley Supply Co. Defendants offer no explanation, likely because they cannot, concerning why the other three attorneys on that team cannot meet the January 19 filing date Plaintiffs offered as a compromise or are otherwise unable to find an adequate substitute to help them meet that deadline.

Second, setting January 4 as the filing date for the Liability MSJs avoids the January 19 conflict—to the extent that trial date plausibly even presents such a conflict.

Third, as to a January 4 filing date, the team of attorneys representing PMC Defendants and Palley Supply Co. contend that they cannot "meaningfully respond" by that date. But under the schedule proposed by Plaintiffs, no such response is due from those Defendants on January 4. Under the schedule, Defendants' deadline to file their opposition to Plaintiffs' motion is in mid-February, weeks after the January 19 trial.[5]

Defendants continue to employ a strategy of delay, delay, delay to put off, as long as possible, the day that they are finally required to contribute to the enormous response costs to address the OU-2 contamination that they contributed to. Plaintiffs ask that this Court not countenance that tactic and set January 4, 2020 as the Liability MSJs filing date.

## B.   Defendants' Position

The January 4th proposed date for filing Liability MSJs is too soon. It has been

---

[5] To the extent either the PMC Defendants or Palley Supply Co. intends to file a cross-motion, and this is what they mean by "meaningfully respond," those Defendants offer no explanation why they need *180* days to finalize a motion that they represented to the Court they would be prepared to file *30* days after the Court issued its ruling on defendants' statute-of-limitations motion.

years since scheduling the MSJs on certain elements of liability was addressed. (See Doc. Number 807 filed on October 11, 2018.)  Contrary to Plaintiffs' assertions, it will take some time for Defendants to dust off the work done years ago and Defendants will need to coordinate briefing on collective issues which will be difficult to do during the upcoming holidays.  In addition, Mr. Hagstrom, counsel for PMC and Palley, has a trial scheduled starting on January 19, 2021 with Judge Blumenfeld and cannot meaningfully respond on behalf of his clients by January 4th.   Defendants respectfully suggest a filing date for the Liability MSJs of February 2nd, 2021.  Defendants do not think that this proposed date presents any prejudice to Plaintiffs.

DATED: October 27, 2020                    LATHROP GAGE LLP


                                     By:        /s/ Nancy Sher Cohen
                                           _____
                                           Nancy Sher Cohen
                                           Attorneys for Plaintiffs Arconic Inc., et al.




DATED:  October 27, 2020               DEMETRIOU, DEL GUERCIO,
                                       SPRINGER & FRANCIS, LLP


                                     By:        /s/ Tammy M.J. Hong
                                           _____
                                           Tammy M.J. Hong
                                           Attorneys for Defendants Claudette Earl
                                           and Earl Mfg. Co. Inc.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
2

DATED:  October 27, 2020          GREENBERG GLUSKER FIELDS
                                  CLAMAN AND MACHTINGER LLP


                             By:      /s/ David E. Cranston

                                  David E. Cranston
                                  Attorneys for Defendant Union Pacific
                                  Railroad Company


DATED:  October 27, 2020          ISOLA LAW GROUP, LLC


                             By:      /s/ Stephen B. Ardis

                                  Stephen B. Ardis
                                  Attorneys for Defendant Powerine Oil Co.


DATED:  October 27, 2020          SSL LAW FIRM LLP


                             By:      /s/ Robert B. Martin III

                                  Robert B. Martin III
                                  Attorneys for Defendants First Dice Road
                                  Company, A California Limited Partnership
                                  and Phibro-Tech, Inc.


DATED: October 27, 2020           WACTOR & WICK, LLP


                             By:      /s/ William D. Wick

                                  William D. Wick
                                  Attorneys for Halliburton Affiliates, LLC

DATED:  October 27, 2020                    MORRIS POLICH & PURDY LLP

                                            By: _____/s/ Christopher G. Foster_____

                                            Christopher G. Foster
                                            Attorneys for Defendants APC Investment
                                            Co.; Associated Plating Company;
                                            Associated Plating Company, Inc.; Gordon
                                            E. McCann; Lynnea McCann; Darrell K.
                                            Golnick; Clare S. Golnick; Cheryl A.
                                            Golnick

DATED:  October 27, 2020                    BASSI EDLIN HUIE & BLUM LLP

                                            By: _____/s/ Earl L Hagstrom_____
                                            Earl L Hagstrom

                                            Attorneys for Interveners Fireman's Fund
                                            Insurance Company and Federal Insurance
                                            Company as Insurers for Palley Supply Co

DATED:  October 27, 2020                    BASSI EDLIN HUIE & BLUM LLP

                                            By: _____/s/ Michael E. Gallagher_____

                                            Michael E. Gallagher
                                            Attorneys for Defendants PMC Specialties
                                            Group, Inc. and Ferro Corporation

DATED:  October 27, 2020                    OTTEN LAW, PC

                                            By: _____/s/ Victor Otten_____
                                            Victor Otten
                                            Attorneys for Defendant Kekropia, Inc.

**CERTIFICATION OF CONCURRENCE FROM ALL SIGNATORIES**

I, Nancy Sher Cohen, am the ECF user whose ID and password are being used to file this Parties' Joint Status Report.  In compliance with C.D. Cal. Civ. L.R. 5-4.3.4(a)(2)(i), I hereby attest that I have obtained the concurrence of each signatory to this document.

/s/ Nancy Sher Cohen
_____
Nancy Sher Cohen