LATHROP GPM LLP
Nancy Sher Cohen, Bar No. 81706
    nancy.cohen@lathropgpm.com
Ronald A. Valenzuela, Bar No. 210025
    ronald.valenzuela@lathropgpm.com
2049 Century Park East, Suite 3500S
Los Angeles, California 90067-1623
Telephone:    310.789.4600
Facsimile:    310.789.4601

John M. Terry (*admitted pro hac vice*)
    john.terry@lathropgpm.com
1515 Wynkoop Street, Suite 600
Denver, CO 80202
Telephone: (720) 931-3200
Facsimile: (720) 931-3201

Attorneys for Plaintiffs
Arconic Inc., et al.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ARCONIC INC., et al., | Case No.  2:14-cv-06456 GW (Ex.) |
| Plaintiffs, | **PARTIES' SEPARATE STATEMENTS RE BRIEFING SCHEDULE FOR SUMMARY JUDGMENT MOTIONS ON CERTAIN CERCLA ELEMENTS** |
| v. | |
| APC INVESTMENT CO., et al., | |
| Defendants. | Judge: Hon. George H. Wu |
| AND RELATED CROSS ACTIONS, COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS | |

1    Plaintiffs Arconic Inc. et al. ("Plaintiffs") and the undersigned defendants

2    ("Defendants") (collectively, "the Parties") hereby submit the following Separate

3    Statements Re Briefing Schedule For Summary Judgment Motions On Certain CERCLA

4    Elements ("Statements"). By concurring in the filing of this joint document, the Parties do

5    not mean to imply agreement with each other's statements of position.

6    **Plaintiffs' Position:**

7    Once again, Defendants are attempting to renege on agreements they previously

8    entered into with Plaintiffs which have been adopted by this Court under numerous

9    previous orders.  On March 27, 2018, after extensive negotiations, the Parties agreed upon a

10   briefing schedule for certain summary judgment or partial summary judgment motions

11   relating to CERCLA liability (the "Liability MSJs"). Docket No. 731. The Court adopted

12   that schedule during a March 29, 2018 Status Conference and slightly modified it, at the

13   Parties' request (Docket No. 762), under an order dated May 16, 2018. Docket No. 765.

14   That briefing schedule was reaffirmed under two subsequent orders by this Court (Docket

15   Nos. 795, 797)—without any objection by Defendants (*see* Docket Nos. 791, 796). Further,

16   the Parties recently appeared before the Court for Status Conferences on September 10 and

17   October 29, and Defendants never once objected to the briefing schedule ordered by the

18   Court, except to advocate that the schedule commence in February, which the Court

19   rejected.

20   During the October 29, 2020 Status Conference, the Court instructed the Parties to

21   submit a stipulation setting out the specific dates for the briefing schedule consistent with

22   the Court's prior orders. Those specific dates are as follows:

23   1.    The Parties shall file their respective Liability MSJs no later than

24   **January 14, 2021**.

25   2.    The timetable for all subsequent deadlines will be the same timetable

26   as previously agreed in the Joint Status Report dated March 27, 2018 (Docket No.

27   731), as modified by the Court's Order dated September 16, 2018 (Docket No.

28   765), Order dated August 13, 2018 (Docket No. 795), and September 10 Order,

- 1 -

namely:

    a.    The Parties shall notice the depositions of declarants who have submitted expert declarations in support of the Liability MSJs no later than 2 weeks after the Liability MSJs are filed, namely, no later than **January 28, 2021**;

    b.    Defendants' Oppositions to the Liability MSJs filed by Plaintiffs ("Defendants' Oppositions") shall be due 6 weeks after the Liability MSJs are filed, namely, on **February 25, 2021**;

    c.    Plaintiffs' Oppositions to the Liability MSJs filed by Defendants ("Plaintiffs' Oppositions") shall be due 7 weeks after the Liability MSJs are filed, namely, on **March 4, 2021**;

    d.    Defendants shall notice the depositions of declarants who have submitted expert declarations in support of Plaintiffs' Oppositions by no later than 8 weeks after the Liability MSJs are filed, namely, no later than **March 11, 2021**;

    e.    Plaintiffs shall notice the depositions of declarants who have submitted expert declarations in support of Defendants' Oppositions by no later than 9 weeks after the Liability MSJs are filed, namely, no later than **March 18, 2021**;

    f.    Defendants' Replies in Support of their Liability MSJs shall be due 13 weeks after the Liability MSJs are filed, namely, on **April 15, 2021**;

    g.    Plaintiffs' Reply in Support of their Liability MSJ shall be due 15 weeks after the Liability MSJs are filed, namely, on **April 29, 2021**; and

    h.    The hearing on the Liability MSJs shall be set by the Court.

3.  The Court shall set the hearing date for the Liability MSJs.

Defendants now refuse to abide by this schedule and ask the Court to nullify its

-2-

1    previous orders. (For the Court's reference, Plaintiffs have submitted herewith as Exhibit A

2    a manual markup of the pertinent provisions of the Court's September 10, 2018 Order that

3    Defendants now ask the Court to change.) Contrary to Defendants' contention, the Court

4    did not invite the Parties to ignore the Court's previous numerous orders regarding the

5    briefing schedule, start from scratch, and devise a new schedule. Defendants' request,

6    therefore, should be rejected.

7         Defendants assert that the Court's previous orders are "stale," but they offer no

8    explanation (because they cannot) concerning what has changed since the Court issued

9    those orders that would render them ineffective or otherwise inappropriate. Defendants

10   contend that they "need more time" for expert discovery and that the current Court-ordered

11   schedule is "unwieldy," but this statement is belied by the fact that Defendants **expressly**

12   **agreed to this schedule** and have never once suggested (until now) that it does not allow

13   ample time for the Parties to complete their work.[1] Nothing in the Court's current orders

14   prohibits a party from seeking additional time if the need arises and good cause exists for an

15   extension of time. Until such cause exists, and until a specific, concrete need arises, the

16   Parties should abide the current schedule and not ask the Court to undo that schedule based

17   merely on Defendants' **speculation** that they **might** need more time depending upon the

18   number of experts who might be involved.

19        Defendants also assert that there is no particularly good reason to provide Plaintiffs

20   with additional time in which to file their reply in support of their summary-judgment

21   motion and their opposition to Defendants' cross-motions. This is false. As Plaintiffs

22   explained to Defendants when the Parties first met and conferred about the briefing

23   schedule over two years ago, Plaintiffs must respond to arguments independently advanced

24   by numerous Defendants concerning multiple properties that are the source of the OU-2

25   groundwater contamination. By contrast, each Defendant need only respond to the

26

27        [1] Defendants remarkably also assert that Plaintiffs' need more time to complete expert
28   discovery, but Plaintiffs have never suggested anything of the sort.

1   arguments advanced by Plaintiffs as to that Defendant. As such Plaintiffs proposed—**and**

2   **Defendants agreed**—that Plaintiffs would be allotted slightly more time to submit their

3   reply and opposition briefs. Defendants' contention that this accommodation would result

4   in "piecemeal" or "disjointed" briefing that would somehow be inconsistent with the

5   Court's order that *Defendants* jointly submit consolidated briefs is nonsensical. The current

6   schedule in no way multiples the **number** of briefs that the Court must consider, and having

7   adopted that schedule, and reaffirmed it three times, the Court has already concluded that

8   there is nothing inefficient, let alone inappropriate, in allowing Plaintiffs slightly more time

9   to submit their briefs.

10          Finally, it is unfair to Plaintiffs to have invested the time, effort, and expense to

11   negotiate the current schedule only to have Defendants decide that they will no longer

12   honor their agreement or their obligation to abide by the Court's previous orders. Permitting

13   Defendants to do so would render future efforts by the Parties to reach agreement by

14   stipulation pointless, as Defendants' promises are apparently illusory.

15          Plaintiffs respectfully request that this Court reject Defendants' proposed briefing

16   schedule and maintain the current schedule, as specifically set out above.

17   **Defendants' Proposed Schedule**

18          At the October 29, 2020 status conference, the Court set the filing date for cross-

19   motions for summary judgment on certain elements of CERCLA liability for January 14,

20   2021, and further ordered counsel to "confer and file a stipulation as to remaining dates by

21   November 3, 2020." (ECF No. 876.) The Parties conferred but were unable to reach

22   agreement concerning the further briefing schedule for the motions.

23          Defendants propose a simple briefing schedule below, with both Parties'

24   consolidated opposition briefs due eight weeks after the filing of the motion, and both

25   Parties' consolidated reply briefs also due eight weeks after the filing of the opposition

26   briefs. Defendants need that eight-week period to coordinate the scheduling of expert

27   deposition with plaintiffs and all responding Defendants, take the expert depositions, and

28   then have adequate time to incorporate and reference the transcripts within the briefing.

1   Defendants do not know at this time how many experts Plaintiffs intend to use, but

2   presumably there will be several. Plaintiffs likewise may also need considerable time to

3   coordinate their depositions of Defendants' experts for their own briefing. Defendants will

4   also need that amount of time to coordinate amongst themselves to file consolidated

5   briefing, as this Court requested at the October 29, 2020 status conference. Finally, the

6   schedule is also aligned such that the Court will receive the Parties' respective cross-

7   briefing at the same time, rather than in piecemeal fashion.

8           Plaintiffs' proposed briefing schedule relies on a stale September 18, 2018 order

9   (ECF No. 797), which endorsed an outline of the Parties' then-stipulation on a briefing

10  schedule, entered long before this Court's earlier grant of summary judgment to

11  Defendants' on statute of limitation grounds and related appellate proceedings.[2] That

12  stipulation proposed an unwieldy schedule with the Parties' briefs due at different times. In

13  light of the Court's expressed desire for consolidated briefing by the Parties, there is no

14  particularly good reason to require such a disjointed schedule.

15          Plaintiffs also argue that if Defendants determine later that additional time is

16  needed for briefing, Defendants can request an additional order from the Court extending

17  time. Rather than impose upon the Court for additional modifications of the briefing

18  schedule following the Court's consideration of this one, Defendants propose the following

19  simplified schedule which incorporates the reasonable amount of time Defendants need for

20  preparation of their briefs.

21  //

22  //

23  //

24  //

25

26  [2] To be clear, Plaintiffs' "manual markup" of the Court's earlier September 18, 2018 order,
    attached as Exhibit A to this statement, was prepared by Plaintiffs, presumably as some sort
27  of demonstrative. But it also plainly demonstrates how Defendants' current proposal would
28  simplify the earlier unwieldy proposed schedule.

| Event | Pl.'s Proposed Schedule | Def.'s Proposed Schedule |
|---|---|---|
| Plaintiffs' consolidated MSJ due | Jan. 14, 2021 | Jan. 14, 2021 |
| Defendants' conslidated MSJ due | Jan. 14, 2021 | Jan. 14, 2021 |
| Deadline for Parties to serve notice of depositions of experts relied upon in support of MSJs | Jan. 28, 2021 | Jan. 28, 2021 |
| Defendants' consolidated opposition to MSJ due | Feb. 25, 2021 | Mar. 11, 2021 |
| Plaintiffs' consolidated opposition to MSJ due | Mar. 4, 2021 | Mar. 11, 2021 |
| Deadline for Defendants to serve notice of depositions of experts relied upon in support of Plaintiffs' opposition | Mar. 11, 2021 | Mar. 25, 2021 |
| Deadline for Plaintiffs to serve notice of depositions of experts relied upon in support of Defendants' opposition | Mar. 18, 2021 | Mar. 25, 2021 |
| Defendants' consolidated reply brief due | Apr. 15, 2021 | May 6, 2021 |
| Plaintiffs' consolidated reply brief due | Apr. 29, 2021 | May 6, 2021 |
| Hearing on MSJs | TBD by Court | TBD by Court |

Respectfully submitted,

- 6 -

DATED: November 3, 2020        LATHROP GAGE LLP

By:      /s/ Nancy Sher Cohen

Nancy Sher Cohen
Attorneys for Plaintiffs Arconic Inc., et al.

DATED: November 3, 2020        DEMETRIOU, DEL GUERCIO, SPRINGER & FRANCIS, LLP

By:      /s/ Tammy M.J. Hong

Tammy M.J. Hong
Attorneys for Defendants Claudette Earl and Earl Mfg. Co. Inc.

DATED: November 3, 2020        GREENBERG GLUSKER FIELDS CLAMAN AND MACHTINGER LLP

By:      /s/ David E. Cranston

David E. Cranston
Attorneys for Defendant Union Pacific Railroad Company

DATED: November 3, 2020        ISOLA LAW GROUP, LLC

By:      /s/ Stephen B. Ardis

Stephen B. Ardis
Attorneys for Defendant Powerine Oil Co.

-7-

DATED: November 3, 2020        SSL LAW FIRM LLP


By:        /s/ Robert B. Martin III
        _____

        Robert B. Martin III
        Attorneys for Defendants First Dice Road
        Company, a California Limited Partnership
        and Phibro-Tech, Inc.


DATED:  November 3, 2020        WACTOR & WICK, LLP


By:        s/ William D. Wick
        _____

        William D. Wick
        Attorneys for Defendant Halliburton
        Affiliates, LLC


DATED:  November 3, 2020        MORRIS POLICH & PURDY LLP


By:        /s/ Christopher G. Foster
        _____

        Christopher G. Foster
        Attorneys for Defendants APC Investment
        Co.; Associated Plating Company;
        Associated Plating Company, Inc.; Gordon
        E. McCann; Lynnea McCann; Darrell K.
        Golnick; Clare S. Golnick; Cheryl A.
        Golnick


DATED:  November 3, 2020        BASSI EDLIN HUIE & BLUM LLP


By:        /s/ Earl L Hagstrom
        _____
        Earl L Hagstrom

- 8 -

1

2

Attorneys for Defendants PMC Specialties
Group, Inc. and Ferro Corporation

3

4

DATED:  November 3, 2020

BASSI EDLIN HUIE & BLUM LLP

5

6

By:          s/ Michael E. Gallagher

7

8

9

Michael E. Gallagher
Attorneys for Interveners Fireman's Fund
Insurance Company and Federal Insurance
Company as Insurers for Palley Supply Co

10

11

DATED:  November 3, 2020

OTTEN LAW, PC

12

13

By:          /s/ Victor Otten

14

Victor Otten
Attorneys for Defendant Kekropia, Inc.

15

16

**CERTIFICATION OF CONCURRENCE FROM ALL SIGNATORIES**

17

18

19

20

I, Nancy Sher Cohen, am the ECF user whose ID and password are being
used to file this Parties' Joint Status Report.  In compliance with C.D. Cal. Civ.
L.R. 5-4.3.4(a)(2)(i), I hereby attest that I have obtained the concurrence of each
signatory to this document.

21

22

23

/s/ Nancy Sher Cohen
Nancy Sher Cohen

24

25

26

27

28

- 9 -