**SSL LAW FIRM LLP**
Zachary R. Walton (Bar No. 181041)
Robert B. Martin III (Bar No. 235489)
505 Montgomery Street, Suite 620
San Francisco, CA 94111
Telephone:  (415) 814-6400
Facsimile:   (415) 814-6401
E-mail:   zack@ssllawfirm.com; rob@ssllawfirm.com

*Attorneys for Defendants Phibro-Tech, Inc. and First Dice Road Company*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCONIC, INC., et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>APC INVESTMENT CO., et al.,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTIONS, COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS | Case 2:14-cv-06456 GW (Ex.)<br><br>**JOINT DEFENDANTS' REQUEST FOR CONTINUANCE OF JANUARY 31, 2022 MSJ HEARING AND APPOINTMENT OF SPECIAL MASTER FOR SETTLEMENT** |

**JOINT DEFENDANTS' REQUEST FOR CONTINUANCE OF JANUARY 31, 2022 HEARING ON MOTIONS FOR SUMMARY JUDGMENT, AND FOR APPOINTMENT OF SPECIAL MASTER FOR PURPOSES OF SUPERVISING SETTLEMENT DISCUSSIONS**

Defendants in this action jointly request, through undersigned Liaison Counsel, that the Court continue the January 31, 2022 hearings on the motions for summary judgment and partial summary judgment, and the related motions and requests currently pending before the Court. Defendants request that the continued hearing occur not earlier than August 1, 2022. Defendants also request the Court appoint a Magistrate Judge as a Special Master for purposes of supervising settlement discussions between Plaintiffs and Defendants ("the Parties"). In support of those requests, Defendants state as follow:

1. On January 14, 2021, Plaintiffs filed a Motion for Partial Summary Judgment as to Certain Elements of CERCLA Liability against Defendants APC Investment Co.; Lynnea R. McCann; Associated Plating Co.; Darrell K. Golnick; Associated Plating Co., Inc.; Clare S. Golnick; Gordon E. McCann; Cheryl A. Golnick; Earl Mfg. Co., Inc.; Claudette Earl; Phibro-Tech, Inc.; First Dice Road Co.; Union Pacific Railroad Co.; and Kekropia, Inc. (Docket No. 903) ("Plaintiffs' Motion").

2. On January 14, 2021, Defendants Union Pacific Railroad Co.; Kekropia, Inc.; Halliburton Affiliates, LLC; Intervenors Fireman's Fund Insurance Co. and Federal Insurance Co. as insurers of Palley Supply Co.; Ferro Corp.; and PMC Specialties Group, Inc. filed a Motion for Summary Judgment (Docket No. 902) ("Certain Defendants' Motion").

3. Under the Court's November 23, 2020 Order (Docket No. 888), the hearings on Plaintiffs' Motion and Certain Defendants' Motion (collectively, the "Pending MSJ Motions") were set for May 17, 2021.

4. On May 7, 2021, the Court *sua sponte* vacated the May 17 hearings on the Pending MSJ Motions (Docket No. 983).

5. On May 12, 2021, the Parties submitted a Joint Stipulation for an order resetting the hearings on the Pending MSJ Motions to permit the Parties to explore the possibility of settlement between Plaintiffs and Defendants (Docket No. 985).

6. On May 13, 2021, the Court granted the Parties' request and ordered the hearings on the Pending MSJ Motions reset for September 9, 2021 (Docket No. 986).

7. On August 25, 2021, the Parties filed a further Joint Stipulation requesting a further continuance of the hearings on the Pending MSJ Motions to permit the Parties to continue exploring the possibility of a settlement. (Docket No. 989). The Parties stated in that stipulation that they had made certain progress in engaging in substantive settlement discussions, including negotiating confidentiality agreements, engaging in various settlement conferences between Plaintiffs and certain defendants (including attendance by representatives for the Environmental Protection Agency ("EPA") and Department of Justice), and meetings between Plaintiffs and two defendants before a mediator.

8. On August 26, 2021, the Court granted the Parties' request and ordered the hearings on the Pending MSJ Motions reset for January 31, 2022 (Docket No. 990).

9. Since that time, although the Parties have engaged in further settlement efforts, those efforts have not yielded any significant progress. Defendants have been largely unable to discuss among themselves their settlement progress or positions because of the confidentiality agreements insisted upon by Plaintiffs and EPA, which prohibit Defendants from discussing among themselves any potential global resolution of the litigation or contributions between certain Defendants toward settlement.

10. Plaintiffs and at least four Defendants also have engaged the assistance of private mediators to discuss settlement, but those efforts also have not resulted in

any settlement. Details are scant as to why those efforts were unsuccessful, again because of the confidentiality agreements imposed by Plaintiffs and EPA.

11. Defendants believe that supervised joint settlement discussions among all the Parties in this action would enhance settlement prospects and may result in a potential settlement of this litigation. Supervision of those discussions, preferably by a Special Master appointed by this Court, will permit greater transparency between Plaintiffs and all Defendants, and may permit Defendants to discuss among themselves whether a global resolution of this matter can be offered to Plaintiffs and EPA.

12. The related case *Arconic Inc. et al. v. Cal-Tron Plating, Inc. et al.*, No. 2:20-cv-02586-GW is also before this Court, and in which Plaintiffs effectively assert the same claims over the same cleanup and cleanup costs at issue in this matter. Given the overlap in that matter with this one, if the Court was inclined to also submit that matter to the Special Master for purposes of supervising settlement, Defendants here would not object.

13. Liaison Counsel for Defendants e-mailed Plaintiff's counsel on January 5, 2022 requesting Plaintiffs' position on a further continuance of the hearings on the Pending MSJ Motions. Plaintiffs' counsel responded that they would consult with their client, but as of January 19, 2022, had not responded substantively regarding their position. In light of the delay, on January 19, Liaison Counsel provided a draft of this request to Plaintiffs' counsel, invited Plaintiffs to join in the request, and stated that Defendants intended to file the request on January 20 to avoid having the Court waste resources on preparing for the MSJ hearings if the Court is inclined to continue the hearings. Plaintiffs' counsel responded by email on January 20, blaming Defendants for the lack of progress in settlement discussions and asserting an unidentified violation of "professional courtesy." (*See* Exhibit A, attached.) Defendants disagree with the assertions made in Plaintiffs' counsel's email but believe that the tone of the email further supports Defendant's request for a Special

Master to supervise further settlement discussions.

14. Therefore, pursuant to the above and for the purposes of judicial efficiency and conserving judicial resources, Defendants respectfully request the Court appoint Magistrate Judges Louise LaMothe, Rozella Oliver, or Michael Wilner as a Special Master for purposes of supervising settlement discussions between Plaintiffs and Defendants. If those Magistrate Judges are unavailable, or if the Court prefers a different Magistrate Judge, Defendants have no objection to the appointment of a different Magistrate Judge.

Further, to permit additional time for the Parties to engage in settlement discussions under the supervision of a Special Master, Defendants respectfully request the Court reset the hearings on the Pending MSJ Motions to a date not earlier than August 1, 2022, or as soon thereafter as the Court is available.

Dated: January 20, 2022                             SSL LAW FIRM LLP

                                                    By: /s/ Robert B. Martin III
                                                        Robert B. Martin III
                                                        *Attorneys for Defendants*
                                                        PHIBRO-TECH, INC. and FIRST
                                                        DICE ROAD COMPANY
                                                        and Liaison Counsel for Defendants