DAVID R. ISOLA, SBN 150311
　disola@isolalaw.com
STEPHEN B. ARDIS, SBN 162947
　sardis@isolalaw.com
ISOLA LAW GROUP, LLP
405 West Pine Street
Lodi, California 95240
Telephone: (209) 367-7055
Facsimile: (209) 367-7056

Attorneys for Defendant,
POWERINE OIL COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BASF CORPORATION, et al.<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>APC INVESTMENT CO., et al.,<br><br>　　　　Defendants. | Case No.: 2:14-cv-06456 GW (Ex.)<br><br>**JOINT STATUS REPORT AS TO CLAIMS AGAINST DEFENDANT POWERINE OIL COMPANY**<br><br>**DATE: JANUARY 24, 2022**<br>**TIME: 8:30 AM**<br><br>**HON. GEORGE H. WU** |

48153020v4

TO THE HONORABLE COURT:

As previously reported to the Court, plaintiffs BASF Corporation et al. ("Plaintiffs") and Defendant Powerine Oil Company ("Powerine") have agreed in principle to settle their dispute over the claims alleged in this action, subject to formalizing the terms of the agreement in writing

The Court has previously issued four orders continuing the deadline to file dispositive motions as to Phase 1 issues as to Powerine, currently set for February 1, 2022, by written order dated January 5, 2021, as Docket no. 898, written order entered April 29, 2021 as Docket no. 971, written order entered September 2, 2021 as Docket no. 992, and a written order entered December 2, 2021 as Docket no. 995. The parties have been working on draft documentation for this settlement, but the process has taken longer than anticipated. The agreement documentation has not been completed.

The parties have previously advised the Court that delays in finalizing the settlement agreement have been due to the number of entities involved in the proposed settlement and a broader mediation that includes this settlement among other issues.

The parties have been unable to reach agreement as to another stipulation to further extend the deadline for filing dispositive motions to permit finalization of the settlement agreement. The parties' positions are as follows:

Position of Defendant Powerine Oil Company:

The factors that have caused some delays in finalizing the settlement documentation have been described to the Court in general terms. To provide more specific detail regarding those factors, the settlement in principle has been negotiated and would be funded by Powerine's insurer Chubb, which is responsible for historical liability insurance policies issued to Powerine.

To achieve full settlement of the claims alleged in this action and end its potential coverage exposure to those claims, Chubb is seeking a release of claims from Lakeland Development Company, which is a company related to Powerine which is in

bankruptcy. The finalization of the settlement in this matter therefore requires that the parties obtain approval of the bankruptcy court overseeing the bankruptcy proceedings for Lakeland. Chubb has evidently had some delay and difficulty in obtaining cooperation from Lakeland to seek such approval.

Powerine is therefore in a somewhat difficult position, in that it must of course comply with its obligations to the Court as a party to this action, however, the reason for the delay in completing the settlement is entirely outside of Powerine's control.

Based on the foregoing, Powerine respectfully suggests that the Court should continue the deadline for filing and hearing dispositive motions as to issues within Phase 1 of this action as previously defined by the Court (the "Liability MSJs") and the subsequent deadlines currently ordered with respect to briefing and other activities associated with those motions. The present deadline for filing such motions, presently set for one month following February 1, 2022, should be continued to one month following May 1, 2022. Should the Parties not be able to finalize the agreement by May 1, 2022, the Parties would have one month to bring the Liability MSJs contemplated under this stipulation and one week to agree to the timetable for all subsequent deadlines consistent with the timetable set forth in this Court's order of November 23, 2020. Powerine respectfully requests that the Court enter an order amending its prior scheduling orders, as to Plaintiffs and Powerine only, consistent with the above.

Alternatively, Powerine respectfully suggests that the entities and counsel responsible for the delay be required to report to this Court regarding the reasons for the delay, and when the required bankruptcy approval will likely be obtained. The entities and counsel are as follows:

ACE Property & Casualty Insurance Company, formerly known as CIGNA Property & Casualty Insurance Company, formerly known as Aetna Insurance Company (referred to as "Chubb")

Represented by:
Deborah A. Aiwasian, Esq.

AIWASIAN & ASSOCIATES
725 S. Figueroa St., Ste. 1050
Los Angeles, CA 90017
Telephone: (213) 233-9671
Deborah.Aiwasian@mclolaw.com

Jason M. Rund, Chapter 7 Trustee,
*In Re: Lakeland Development Company*, United States Bankruptcy Court for
Central District of California, Case No. 2:12-bk-25842 BR

Represented by:
Jeffrey S. Raskin, Esq.
MORGAN LEWIS & BOCKIUS LLP
One Market Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
jeffrey.raskin@morganlewis.com

Position of Plaintiff BASF Corporation, et al.:

Plaintiffs are sensitive to the fact that finalizing the settlement with Powerine will require approval from the court overseeing Lakeland Development's bankruptcy and that counsel for Powerine in this matter are not before that court. However, because Powerine's insurer wanted to make sure that any claims against Lakeland Development would also be settled, the parties agreed that the Bankruptcy Court would need to approve inclusion of Lakeland Development as a party to the settlement. Further, Plaintiffs respectfully disagree that the matter is "entirely outside of Powerine's control." It is Powerine's own insurer that has been taking the lead in working with the bankruptcy trustee to obtain approval of the settlement; it is not some third-party stranger with whom Powerine has no contractual relationship. In fact, the insurer has fiduciary-like duties owed to Powerine.

Plaintiffs, and this Court, have been patient in accommodating the process of obtaining bankruptcy approval, but Plaintiffs have now been waiting for several months for the formal approval request to be filed, and Powerine has not been able to provide

48153020v4

Plaintiffs with the date on which that will happen.

Accordingly, Plaintiffs ask that counsel for Powerine appear at the January 24, 2022 status conference and explain to the Court precisely what concrete steps Powerine intends to take over the next 10 days to accelerate what has been an all-too-slow effort to obtain the requisite approval from the Bankruptcy Court.

Dated: January 21, 2022

ISOLA LAW GROUP, LLP

By: /s/ Stephen B. Ardis
_____
Stephen B. Ardis
Attorneys for Defendant
POWERINE OIL COMPANY

Dated: January 21, 2022

LATHROP GPM LLP

By: /s/ Ronald A. Valenzuela
_____
Ronald A. Valenzuela
Attorneys for Plaintiffs
BASF Corporation, et al.

ATTESTATION OF CONCURRENCE

I, Stephen B. Ardis, attest that all those whose signatures appear on this document concur in the content of this filing and have authorized the filing.

**/s/** Stephen B. Ardis
_____
Stephen B. Ardis

48153020v4