LATHROP GPM LLP
Nancy Sher Cohen, Bar No. 81706
    nancy.cohen@lathropgpm.com
Ronald A. Valenzuela, Bar No. 210025
    ronald.valenzuela@lathropgpm.com
2049 Century Park East, Suite 3500S
Los Angeles, California 90067-1623
Telephone:    310.789.4600
Facsimile:    310.789.4601

Attorneys for Plaintiffs
BASF Corporation et al.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BASF CORPORATION, et al.,<br><br>          Plaintiffs,<br><br>v.<br><br>APC INVESTMENT CO., et al.,<br><br>          Defendants.<br><br>_____<br>AND RELATED CROSS ACTIONS, COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS | Case No.  2:14-cv-06456 GW (Ex.)<br><br>**JOINT STATUS REPORT RE HEARING SCHEDULE FOR PENDING SUMMARY-JUDGMENT MOTIONS**<br><br>Judge: Hon. George H. Wu |

As ordered by the Court, Plaintiffs BASF Corporation et al. and Defendants, through Liaison Counsel, submit this Joint Status Report concerning the parties' efforts to agree upon a hearing schedule for the summary-judgment and partial summary-judgment motions pending before the Court. Despite the parties' concerted efforts, they have been unable to agree upon a schedule. Their respective positions and proposals for a hearing schedule are set out below.

## I.   PLAINTIFFS' POSITION

### A.   Plaintiffs' Proposed Schedule[1]

| Hearing Date | Motion / Property | Supp. Brief Due |
|---|---|---|
| March 14, 2022 | Phibro-Tech | February 28, 2022 |
| March 28, 2022 | Earl Mfg. / Chrysler | March 14, 2022 |
| April 18, 2022 | Associated Plating / PMC / Patsouras | March 28, 2022 |

Defendants have three main objections to Plaintiffs' schedule. First, they contend that a separate, stand-alone hearing is required on the parties' dispute over certain "common legal issues." Plaintiffs contend that this dispute is not over pure legal issues but over the legal standard for liability under CERCLA *as applied to the facts of this case*. As such, Plaintiffs contend that the "common legal issues" cannot, and should not, be argued outside of the specific factual context of Defendants' Source Properties. Instead, those issues must be heard in the course of arguing Plaintiffs' motion against Defendants at a particular property, namely, the Phibro-Tech Source Property.

---

[1] It is true that Plaintiffs previously proposed conducting the hearings in a slightly different order. However, this was before Plaintiffs had an opportunity to discuss the issue with the Court and obtain Defendants' views as well. Having now done so, and having reassessed the best way for moving forward, Plaintiffs believe that the current schedule is a more efficient, prompt, and sensible way of proceeding. For example, where Plaintiffs previously proposed four hearings, they now propose only three.

Second, Defendants oppose the grouping Plaintiffs propose. However, Plaintiffs' proposed grouping is consistent with the Defendants' proposal. Both proposals recognize that the most significant contributors to the OU-2 groundwater contamination, and those identified as responsible for that contamination by the federal government, should proceed first. The parties differ on the grouping of these initial hearings only with respect to whether the motion involving the Chrysler Property should be heard on the same day as the Phibro-Tech Property (Defendants' preference) or the Earl Mfg. Property (Plaintiffs' proposal). Plaintiffs contend that their proposed grouping avoids needlessly multiplying the number of issues the Court must address during the first hearing, and thus prolonging that hearing, and better balances the issues to be addressed during the first two hearings so the parties and the Court may more directly focus on the salient issues during each hearing.

Third, Defendants oppose conducting each hearing two weeks apart and instead propose that they proceed only one week apart. Plaintiffs contend that scheduling the hearings two weeks apart allows more time for the parties—and the Court—to prepare for each hearing, provides an additional week for the Court to consider the parties' supplemental briefing, and may even reduce the number of hearings the Court must conduct, as it affords more time for Defendants to consider settlement or stipulating to liability as the more prudent option.

**B.    A Stand-Alone Hearing on any "Common Legal Issues" Is Unwarranted**

As requested by the Court, Plaintiffs supplemented their motions for partial summary judgment as to certain elements of CERCLA liability with a brief setting out the elements of Plaintiffs' contribution claims against Defendants and the burden of proof for establishing those elements. *See* "Brief No. 1" (Dkt. No. 903-001).

Defendants' response to that brief does not dispute either the elements of

1    CERCLA liability or the burden of proof described in Plaintiffs' brief. *See* Dkt. No.

2    930. Instead, Defendants dispute how those elements should be applied to the facts

3    of this case. At bottom, they argue that Plaintiffs have failed to show that the

4    contaminated groundwater emanating from Defendants' Source Properties has

5    commingled with the plume of contamination emanating from the former Omega

6    Chemical Corporation property. They further argue that Plaintiffs have not shown

7    that contaminants from soils at Defendants' Source Properties have actually

8    impacted OU-2 Groundwater.

9         Setting aside the fact that these arguments are meritless, such fact-specific

10   arguments cannot, and should not, be argued in the abstract. They must be argued in

11   the context of the specific facts applicable to Defendants' Source Properties.

12        Plaintiffs have proposed to do just that. Under Plaintiffs' schedule, the

13   "common issues" will be argued in the context of Plaintiffs' motion against the

14   Phibro-Tech Property Defendants, namely, Phibro-Tech, Inc., First Dice Road Co.,

15   and Union Pacific Railroad. By contrast, Defendants' proposal to present these

16   arguments to the Court without grounding them to the specific circumstances and

17   physical conditions present at of any of Defendants' Source Properties makes little

18   sense. Nor would any such argument, disembodied of any facts of this case, assist

19   the Court in resolving the parties' dispute over these issues.

20        Defendants' purported justification for a stand-alone hearing on the

21   "common legal issues" is simply without merit. In rejecting Plaintiffs' proposal,

22   counsel for Phibro-Tech argued that a stand-alone hearing on the "common legal

23   issues" will "strongly inform" the property-specific arguments presented by the

24   Defendants whose motions will be heard later. So it would be unfair, Phibro-Tech

25   argues, unless it too has the benefit of hearing oral argument on the "common

26   issues" and then time to "prepare off that argument" as it readies for the hearing on

27   Plaintiffs' motion against Phibro-Tech.

28        However, Phibro-Tech cannot explain how argument on purportedly

**common** issues would benefit it in preparing its argument on **property-specific** issues. Common issues, by definition, are not the same as property-specific issues. Thus, hearing argument on the common issues would not confer any benefit to any Defendant in preparing for subsequent hearings.

Given this, Plaintiffs wonder if Defendants are advocating for a stand-alone hearing on "common issues" for a different reason. This Court, for example, should reject any attempt by Defendants to rehash the common issues at every hearing. They should not be permitted to modify their arguments on those issues again and again and again, at each subsequent hearing, adjusting those arguments in an attempt to address the Court's comments or skepticism expressed during a previous hearing. Defendants should be allowed to present argument on the "common legal issues" only once. Allowing them to constantly revisit those issues, whether through oral argument or requests for further briefing, would unnecessarily protract the proceedings and replace a prompt adjudication of those issues with a game of whack-a-mole.

In addition to asking that the Court devote the first day of hearings to argument on the "common legal issues," Defendants ask the Court to hear certain objections filed by a subset of Defendants alleging that Plaintiffs have submitted an improper sur-reply.[2] Given that the (meritless) objections have been asserted by only a subset of Defendants (those that filed affirmative motions), the objections should be heard during a later hearing, when Defendants' motions are heard, not before. Indeed, the objections apply only to certain statements asserted in Plaintiffs reply brief, not the entire brief. Thus, the Court will be in no position to address those objections, will have no context for those objections, and will be unable to assess them without delving into the specific motions, arguments, and issues that

---

[2] Plaintiffs contend that this request was not adequately addressed during the parties' meet and confer concerning the hearing schedule, and thus Plaintiffs ask for the opportunity to be fully heard on this issue during the February 3 Status Conference.

purportedly give rise to those objections. Hearing those objections separate and apart from the motions in which they arise would be as cumbersome and inefficient as addressing all evidentiary objections in an initial, stand-alone hearing.

Put simply, Plaintiffs' proposal offers the best means of efficiently disposing of the "common legal issues." Defendants' schedule does not and should be rejected.

### C.    The Court Should Adopt the Grouping Proposed by Plaintiffs

*Hearing 1 – Phibro-Tech Property (March 14)*

Plaintiffs contend that the motions involving the Phibro-Tech, Earl Mfg., and Chrysler Property Defendants should be heard prior to the remaining motions. Defendants at these properties have all received notice letters from EPA identifying them as responsible for the OU-2 groundwater contamination. And in EPA's 2010 OU-2 Remedial Investigation/Feasibility Study, the federal government identified each of these three properties—over 11 years ago—as being sources of that groundwater contamination. Unsurprisingly then, Plaintiffs contend that these properties are among the largest contributors of hazardous substances to the OU-2 groundwater contamination. Given these facts, the motions involving these properties should be heard first.

Defendants apparently agree. Under their proposal, the hearings on the motions involving the Phibro-Tech, Earl Mfg., and Chrysler Properties are among the first to proceed. However, Defendants believe that the two motions involving the Chrysler Property[3] should be heard the same day as the Phibro-Tech hearing. Plaintiffs disagree. The hearing on the Phibro-Tech Property should proceed first,

---

[3] Those motions consist of (1) Plaintiffs' motion for partial summary judgment against Union Pacific as the former owner of the Chrysler Property, and (2) Union Pacific's affirmative "cross motion" for summary judgment. The other Defendants associated with the Chrysler Property are not participating in the instant motion practice. Defendant Burke Street settled several years ago and Defendant Palmtree Acquisition Corporation has stipulated to facts underlying the issues of CERCLA liability raised in these motions.

1    by itself.

2           The Defendants at the Phibro-Tech Source Property are not similarly situated

3    and are expected to present different defenses. Defendants Phibro-Tech and First

4    Dice Road are the current operator and landowner, respectively, and have centered

5    their defense on the "release" element of CERCLA. By contrast, Union Pacific is a

6    former landowner of the property and is expected to focus its defense on a different

7    CERCLA element, namely, whether it qualifies as a "responsible party" under the

8    statute.

9           Given these differences, Plaintiffs anticipate that the hearing on the Phibro-

10   Tech Property will proceed more akin to two, separate hearings, not one. The Court

11   will also need some additional time during this hearing to consider how CERCLA's

12   legal standard applies to the facts of this case. Moreover, none of the Phibro-Tech

13   Property Defendants has presented expert evidence in opposition to Plaintiffs'

14   motion against them. By contrast, Union Pacific's summary-judgment motion

15   involving the Chrysler Property is almost entirely based upon "expert" evidence.

16   Thus, hearing the two motions involving the Chrysler Property on the same day as

17   the Phibro-Tech Property would unnecessarily increase the number of issues to be

18   addressed by the parties and the Court and unduly prolong the hearing.

19          The sole reason offered by Defendants for insisting that the Phibro-Tech

20   Property and Chrysler Property motions be heard the same day is that Union Pacific

21   is a Defendant at both properties, it is represented by the same attorney in

22   connection with both properties, and that attorney should not be inconvenienced by

23   having to appear on two separate days. This is not a compelling justification.

24          Union Pacific's counsel will have to prepare for two hearings in all events,

25   and thus the only "burden" imposed on Union Pacific's counsel by hearing the

26   Phibro-Tech Property and Chrysler Property motions on different days is that

27

28

counsel will have to call in for the telephonic hearing twice, not once.[4] Indeed, Union Pacific's counsel would have to appear twice even under Defendants' proposed schedule: once for the stand-alone hearing on the "common legal issues" and again for the Phibro-Tech-Chrysler joint hearing. As this Court well knows, Union Pacific's counsel attends every substantive hearing in this matter, even if it provides no comments or argument on the record. Thus, Plaintiffs fail to see how one additional telephonic appearance is so burdensome that counsel's "inconvenience" warrants rejecting the more efficient schedule proposed by Plaintiffs.

*Hearing 2 – Earl Mfg. Property & Chrysler Property (March 28)*

The motions involving the Earl Mfg. and Chrysler Source Properties should be heard on the same day. As noted, both properties are significant contributors to the OU-2 groundwater contamination, the Defendants have all received notice letters and are identified by the federal government as responsible for the OU-2 groundwater contamination. Further, unlike the Defendants at the Phibro-Tech Property, the Defendants at the Earl Mfg. Property are similarly situated and have presented a unified defense. And, as noted, the Defendant at the Chrysler Property, Union Pacific, has based its defense primarily on one issue. As such, pairing these motions for hearing on the same day will not present an inordinate number of disparate issues for the Court to consider nor provide for an unduly protracted hearing.

*Hearing 3 – Associated Plating Property, PMC Property, Patsouras*
*Property (April 18)*

The motions involving the Associated Plating, PMC, and Patsouras Source Properties should be heard on the same day. Although the hearings would cover

---

[4] Even if the Court were to hold in-person hearings, Union Pacific's counsel would not be unduly inconvenienced. Counsel's office is in Los Angeles, not in some distant city requiring extensive travel.

three source properties, Plaintiffs do not anticipate that those hearings will be protracted nor involve a large number of disparate issues. The Defendants at each of these Properties have presented a unified defense. Thus, Plaintiffs do not expect that each Defendant at these properties will raise multiple issues that substantively differ from the issues raised by other Defendants at the same property. Indeed, based on their briefs, Plaintiffs expect all the Defendants associated with the same property to "speak with one voice" – and most likely using the same attorney.

Further, the arguments advanced by these Defendants will likely parallel many of the arguments advanced by the Defendants in prior hearings. Put another way, the types of arguments advanced by the briefs submitted by the Phibro-Tech, Earl Mfg., and Chrysler Property Defendants are representative of the types of arguments presented in the briefs submitted by the Associated Plating, PMC, and Patsouras Property Defendants. As such, the Court will already be familiar with the issues, and perhaps will have already decided similar issues, and this it is unlikely that the Court would benefit from extensive argument from the parties on these issues.

Plaintiffs' proposed groupings for the hearings strikes the correct balance, allowing the Court and the parties to focus on the salient issues during each hearing while avoiding a prolonged hearing on any particular day. Defendants' schedule does not and should be rejected.

**D.    The Hearings Should Be Set 14 Days Apart**

Plaintiffs propose setting the three hearing dates 14 days apart, not 7 days apart as proposed by Defendants. Plaintiffs' schedule provides several advantages. First, it permits more time for the Court and the parties to prepare for each hearing. Second, it affords the Court a full 2 weeks to consider the parties' supplemental briefs prior to the hearing on the particular motion addressed in those briefs. Third, it affords more time for the later-heard Defendants to reconsider their position on whether to take the current settlement discussions more seriously or perhaps

1    stipulate to liability.

2           On this last point, Plaintiffs would make the following observation. The

3    incentives for the parties to seriously explore settlement or for Defendants to

4    consider stipulating to liability would be significantly enhanced if the Court were to

5    issue its final ruling on any motion it has heard *before* the hearing date for the next

6    set of motions. Setting the hearings 14 days apart would accommodate this, as it

7    provides more time between hearings for the Court to issue its final ruling.

8    Moreover, issuing final rulings seriatim would discourage, if not altogether prevent,

9    a party from attempting to reargue an issue that the Court has already heard and

10   decided.

11          Of course, it is entirely the Court's decision as to when to issue its final

12   rulings. Plaintiffs are not for a moment proposing that the Court adopt a schedule

13   that incorporates any timetable for issuing those rulings. Instead, Plaintiffs merely

14   wish to point out that if the Court were to decide to issue its final rulings in this

15   manner, Plaintiffs' proposed schedule, not Defendants', would better accommodate

16   this decision.

17   **II.     DEFENDANTS' POSITION**

18          Defendants, through undersigned Liaison Counsel, propose the following schedule

19   for the sequenced hearings on the motions for summary judgment, partial summary

20   judgment, and related motions and requests currently pending before the Court. Per the

21   Court's instruction to counsel at the status conference on January 27, 2022 and related

22   minute order (Doc 1009), counsel for Plaintiffs and Defendants met and conferred but could

23   not agree on a schedule for the hearings. On February 1, 2022, Defendants provided to

24   Plaintiffs a proposed schedule for the hearings, including defense counsel availability.

25   Plaintiff's counsel replied they are available on the proposed dates, but intend to propose a

26   different sequence on the hearings.

27          In any event, Defendants' proposal is straightforward. The current filings in front of

28   the Court are (a) briefs on common issues of law applicable to all of the pending motions;

1   (b) objections to Plaintiffs' late-filed opposition papers (Doc 951) and improper sur-reply

2   (Doc 982) (both pertaining to the Patsouras, Chrysler, and PMC properties); and (c) briefs

3   on factual site-specific issues pertaining to six separate sites.

4       The most efficient and straightforward way to address these filings is for the Court

5   first to hear argument on the briefs on the common issues of law, as well as defendants'

6   objection to Plaintiffs' late-filed opposition papers and improper sur-reply. The common

7   legal issues briefing identifies numerous disputed legal issues applicable to all properties,

8   including (a) whether the Court should even be considering at this stage whether releases or

9   threatened releases caused Plaintiffs to incur response costs (Doc. 930 at 3-4); what legal

10   standard to apply in determining common liability for a "two-site" CERCLA case (*id.* at 6);

11   and whether Plaintiffs claim for response costs is flawed as a matter of law (*id.* at 11).[5]

12   Those common issues of law relate to all of the properties at issue, and the Court's

13   resolution of the disputes presented in the common issues briefing will greatly inform the

14   parties' presentation of argument as to each individual property. The objections noted above

15   also apply to multiple properties, and thus seem best suited to address within a common

16   context. In essence, the first hearing should be on common issues generally applicable to all

17   (or multiple) properties at issue.

18       Following the hearing on common issues, Plaintiffs and Defendants can incorporate

19   into later argument any tentative rulings or instruction provided by the Court at the hearing

20   as to the Court's resolution of the disputed *legal* issues here. That opportunity will permit

21   the parties to present streamlined argument as to the *factual* issues unique to each individual

22   property. Such streamlining should assist the Court in resolving issues as to the individual

23   properties.

24       There are six separate properties at issue in the pending motions. Those are: (1) the

25   Associated Plating property; (2) the Chrysler property; (3) the Earl Manufacturing property;

26

27   [5] Plaintiffs' argument that Defendants are not disputing these legal issues, only their

28   application to the facts, is disingenuous and simply false.

(4) the Patsouras property; (5) the Phibro-Tech / Union Pacific property; and (6) the PMC property. Defendants propose the Court schedule <u>three</u> hearings to consider the individual factual issues concerning those properties.

The Chrysler and Phibro-Tech / Union Pacific issues should be heard at the same hearing. Greenberg Glusker LLP is counsel for Union Pacific as to both the Phibro-Tech / Union Pacific and the Chrysler properties, and so a hearing for both properties at the same time would be efficient and convenient for counsel.

The Patsouras and PMC property are related because both the Patsouras and PMC Defendants filed affirmative motions for summary judgment arguing Plaintiffs have not and cannot show that hazardous substances from either property migrated into OU-2. That leaves the Associated Plating and Earl Manufacturing properties, and Defendants' have no objection to grouping the two of them together.

In an earlier filing (Doc 1004 at 9), Plaintiffs represented that "the issues argued by the Defendants associated with the Phibro-Tech Source Property are representative of many of the same issues argued by other Defendants," and because of that, the individual Phibro-Tech property issues should be heard at the same time as the common legal issues. Defendants disagree. Each property at issue here is unique; each has different locations, histories, alleged contaminants, expert witnesses, and so on. The legal issues common to all Defendants were presented in the common legal issues briefing, which Defendants propose the Court hear first. Following that, each individual defendant should be allowed the same opportunity to evaluate any tentative rulings and instruction provided by the Court at the hearing to streamline their factual arguments as to the applicable law. The schedule proposed below allows each defendant a reasonable amount of time to conduct that streamlining.

Plaintiffs' propose, however, to have the first hearing consider (1) the common legal issues (which, in all fairness, needs to include objections to Plaintiffs' late opposition papers and improper sur-reply because those are also common issues); and (2) individual fact issues as to the Phibro-Tech / Union Pacific property. As set forth above, there is no logical

reason for that grouping, because the common legal issues and the individual property fact issues as to the Phibo-Tech / Union Pacific property are separate. Plaintiffs' proposal also refuses to accommodate the request by Greenberg Glusker LLP, counsel for Union Pacific as to both the Phibro-Tech / Union Pacific and Chrysler properties, to present argument for both properties at the same hearing, thus needlessly inconveniencing counsel.

Accordingly, Defendants jointly propose the following sequence and schedule for the hearings on the pending motions:

| | |
|---|---|
| Hearing on Common Legal Issues and Objections to Plaintiffs' Late-Filed Brief and Improper Sur-Reply | Monday March 14, 2022 |
| Hearing on Phibro-Tech / Union Pacific and Chrysler properties | Monday March 21, 2022 |
| Hearing on Associated Plating and Earl Manufacturing properties | Monday March 28, 2022 |
| Hearing on PMC and Patsouras properties | Monday, April 18, 2022[6] |

Pursuant to the Court's instruction at the January 27 hearing, Defendants will also submit supplemental briefs two weeks before the hearing on the respective motions to be heard on the hearing date.

Finally, Defendants do not agree with Plaintiffs' suggestion that the Court issue a final ruling on the motion or motions heard at one hearing before proceeding on to the next hearing. The logistics of such an approach could unnecessarily extend the hearings on all of the motions for months. For example, the Court would need to hold a hearing on the

---

[6] This extended date accounts for the unavailability of counsel for Haliburton, which has pending briefing related to the Patsouras property.

1  common legal issues first, and then issue a ruling. Following that ruling, and following any

2  motions practice that might result (*see* Fed. R. Civ. P. 60), the Court would then have to set

3  a new hearing following a meet and confer concerning the parties' availability. And that

4  cumbersome process would continue for multiple hearings. Defendants instead suggest the

5  Court adopt the schedule proposed by Defendants for dates certain on the hearings on the

6  pending motions, and then issue rulings following those hearings as the Court's ability

7  permits.

8

9

10

11  DATED: February 2, 2022          LATHROP GPM LLP

12

13                         By:      /s/ Nancy Sher Cohen

14                                  _____
                                    Nancy Sher Cohen

15                                  Attorneys for Plaintiffs BASF Corporation et al.

16  DATED: February 2, 2022          SSL LAW FIRM LLP

17

18

19                         By:      /s/ Robert B. Martin III

20                                  _____
                                    Robert B. Martin III

21                                  Liaison Counsel for Defendants and Attorneys
                                    for Defendants Phibro-Tech, Inc. and First Dice

22                                  Road Company

23

24

25

26

27

28

- 13 -

**CERTIFICATION OF CONCURRENCE FROM ALL SIGNATORIES**

I, Nancy Sher Cohen, am the ECF user whose ID and password are being used to file this Joint Status Report. In compliance with C.D. Cal. Civ. L.R. 5-4.3.4(a)(2)(i), I hereby attest that I have obtained the concurrence of each signatory to this document.

DATED: February 2, 2022                    LATHROP GPM LLP


                              By:          /s/ Nancy Sher Cohen
                                           Nancy Sher Cohen
                                           Attorneys for Plaintiffs BASF Corporation et al.