LATHROP GPM LLP
Nancy Sher Cohen (State Bar No. 81706)
　nancy.cohen@lathropgpm.com
Ronald A. Valenzuela (State Bar No. 210025)
　ronald.valenzuela@lathropgpm.com
2049 Century Park East, Suite 3500S
Los Angeles, CA 90067
Telephone: 310.789.4600
Facsimile:  310.789.4601

LATHROP GPM LLP
William F. Ford (*admitted pro hac vice*)
　bill.ford@lathropgpm.com
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64107
Telephone:   310.292.2000
Facsimile:    310.292.2001

Attorneys for Plaintiffs
BASF Corporation et al.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BASF CORPORATION, et al.,<br><br>　　Plaintiffs,<br><br>v.<br><br>APC INVESTMENT CO., et al.,<br><br>　　Defendants. | Case No.  2:14-cv-06456 GW (Ex.)<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR RESPONSES TO MOVING DEFENDANTS' (1) OBJECTIONS TO AND REQUEST TO DISREGARD PLAINTIFFS' UNTIMELY OPPOSITION AND SUPPORTING EVIDENCE (DKT. NO. 951); AND (2) OBJECTION TO PLAINTIFFS' IMPROPER SUR-REPLY IN CONNECTION WITH DEFENDANTS' AFFIRMATIVE MOTIONS FOR SUMMARY JUDGMENT (DKT. NO. 982)**<br><br>Date:　　March 14, 2022<br>Time:　　8:30 a.m.<br>Place:　　350 W. 1st Street<br>　　　　　Courtroom 9D, 9th Floor<br>　　　　　Los Angeles, CA 90012<br>Judge:　　Hon. George H. Wu |

Plaintiffs BASF Corporation, et al., submit the following Supplemental Brief in support of their previously filed Responses to two of Moving Defendants' filings: (1) Moving Defendants' Objections to and Request to Disregard Plaintiffs' Untimely Opposition and Supporting Evidence (Dkt. No. 951); and (2) Moving Defendants' Objection to Plaintiffs' Improper Sur-Reply in Connection with Moving Defendants' Affirmative Motions for Summary Judgment (Dkt. No. 982) ("Defendants' MSJ).[1]

### I. THIS COURT SHOULD DENY MOVING DEFENDANTS' REQUEST TO DISREGARD PLAINTIFFS' OPPOSITION TO DEFENDANTS' MSJ

The Court should reject Moving Defendants' request to ignore Plaintiffs' Opposition for four reasons. **First,** Plaintiffs Memorandum of Points & Authorities supporting their Opposition was filed on March 4, 2021, the due date, and thus it was timely. *See* Dkt. No. 948. Both the docket and the date-stamp on the brief reflect this fact.[2] The evidentiary support for the Opposition was filed 66 minutes later and would have been filed even sooner were it not for an apparent system error in rejecting one of the dozens of documents being filed.[3] Thus, only a *portion* of the Opposition filing was arguably untimely.

**Second**, Moving Defendants suffered no prejudice because of the 66-minute delay in receiving all the evidentiary support for Plaintiffs' Opposition or in receiving the correct version of the Memorandum of Points and Authorities a few hours later. Moving Defendants still had the full six weeks allotted to them to prepare their response to the Opposition—far more time than ordinarily allowed under the rules.

---

[1] Moving Defendants are Union Pacific Railroad Company (as to the Chrysler Source Property); PMC Specialties Group, Inc.; Ferro Corporation; Fireman's Fund Insurance Company and Federal Insurance Company, as Insurers for Palley Supply Company; Kekropia Inc.; and Halliburton Affiliates, LLC.

[2] It is true that the timely filed brief was missing a few citations and contained a duplicate footnote, but Plaintiffs recognized the oversight and promptly filed a corrected version several hours later, at 10:28 a.m. on March 5, 2021. ***There is no substantive difference*** between the timely filed version and the corrected version.

[3] *See* Declaration of Laura A. Brayton, filed contemporaneously herewith.

*See* L.R. 7-9, 7-10. Moving Defendants never once expressed any need for additional time, the hearing on their motion was not delayed, nor has any other scheduled matter in this case been adversely affected by the 66-minute delay.

   ***Third***, Moving Defendants offer no pertinent authority to support their request to discard Plaintiffs' **entire** Opposition. In *Heinemann v. Satterberg*, 731 F.3d 914, 915-16 (9th Cir. 2013), the lone case cited by Moving Defendants, plaintiff never filed *any* response to defendant's motion for summary judgment. *Id*. at 916. Further, courts, including the Ninth Circuit, have refused to strike a late-filed submission **that was days late**. *E.g.*, *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010) (three-day delay in filing a summary judgment opposition "would not have adversely affected either the summary judgment hearing date, which was ten days away, or the trial, which was two and a half months away."); *see also Case v. Midwestern Sports Med. & Orthopaedic Surgical Specialists, Ltd.*, No. 04 C 3650, 2005 WL 3470290, at *1-2 (N.D. Ill. Dec. 15, 2005) (opposition filed one day late did not prejudice defendant's ability to reply or substantially delay resolution of the matter). Here, only a *portion* of the supporting papers were arguably late and even then, by only minutes, not days.

   ***Fourth***, Moving Defendants' request to grant their summary-judgment and partial summary-judgment motions without considering Plaintiffs' Opposition and supporting evidence is excessively harsh and punitive, especially given the lack of any prejudice to the Moving Defendants. The Court has the discretion to consider a submission that is partially delayed. *See* L.R. 7-12. Plaintiffs respectfully submit that the Court should do so here and deny Moving Defendants' request.

## II. PLAINTIFFS DID NOT FILE AN IMPROPER SUR-REPLY

   Moving Defendants wrongly claim that Plaintiffs' Reply in Support of their Motion for Partial Summary Judgment (Dkt. No. 973) is an "improper sur-reply" to Moving Defendants' Reply to Defendants' MSJ (Dkt. No. 958). As explained in Plaintiffs' May 7, 2021 submission (Dkt. No. 984), this claim lacks merit. None of the

arguments or evidence that Moving Defendants complain about were newly raised in Plaintiffs' Reply. Each purportedly improper statement in Plaintiffs' Reply Brief responds to arguments asserted by Moving Defendants in their Opposition. *See* Dkt. No. 984 at pp. 2-4.

| **Argument in Moving Defendants' Opposition Brief** | **Response in Plaintiffs' Reply Brief** |
|---|---|
| **Dkt. No. 933, p. 94:11-16**<br><br>Citing *Ferguson v. Arcata Redwood Co., LLC*, No. C 03-03632 SI, 2005 WL 1869445 (N.D. Cal. Aug. 5, 2005), Union Pacific argues evidence regarding Chrysler's operations after Union Pacific sold the Chrysler Property cannot prove a disposal during Union Pacific's ownership. | **Dkt. No. 973, p. 60:9-61:20**<br><br>Distinguishing *Ferguson* on grounds that the *Ferguson* court found evidence of disposal lacking because proffered evidence related to disposal at a *different* property than the one underlying plaintiff's claim. |
| **Dkt. No. 933, p. 81:20-22**<br><br>Union Pacific arguing that Plaintiffs' expert, Mr. Robert Mutch, agrees with Union Pacific that the general location of the clarifier associated with the Body Works Building was inside the former Body Works Building overhang. | **Dkt. No. 973, p. 65, n. 32**<br><br>Correcting Union Pacific's mischaracterization of Mr. Mutch's expert report as supporting Union Pacific's argument and citing to the evidence where Mr. Mutch stated the clarifier was located outside and adjacent to the former Body Works Building. |
| **Dkt. No. 933, p. 81:8-84:4**<br><br>Union Pacific arguing the clarifier was installed after it owned the Chrysler Property.<br><br>**Dkt. No. 933, p. 81:16-20**<br><br>Referring the Court to further detail in its affirmative motion arguing the clarifier was installed after Union Pacific owned the Chrysler Property. | **Dkt. No. 973, p. 66, n. 33, 34, 35**<br><br>Arguing the clarifier was installed outside the Body Works Building before Union Pacific sold the Chrysler Property, and citing to evidence in support of same. |
| **Dkt. 933, pp. 116:10-117:8**<br><br>Kekropia arguing that Mr. Mutch relied on a "mystery memo" to support his | **Dkt. No. 973, p. 79:8-9**<br><br>Arguing the Patsouras Defendants' expert, Dr. Jean Kulla, conceded the |

| Argument in Moving Defendants' Opposition Brief | Response in Plaintiffs' Reply Brief |
|---|---|
| theory that PCE on the Patsouras Property migrated to groundwater. | findings in the so-called "mystery memo," might be accurate. **Dkt. No. 950-1, pp. 45:4-47:16** Same. |
| **Dkt. No. 933, p. 119: 9-14 & Dkt. 931-11, pp. 3-4** Kekropia arguing that Dr. Kulla showed that certain metals were detected in soil at concentrations only "slightly above background levels." | **Dkt. No. 973, p. 81:12-14** Arguing Dr. Kulla relied on inflated background levels to conclude the concentrations of metals detected in soil at the Patsouras Property were only "slightly above background levels." **Dkt. No. 950-1, pp. 38:6-39:28** Same. |
| **Dkt. No. 933, p. 114:17-115:10, 120:6-20** Kekropia arguing Mr. Mutch ignored groundwater data showing PCE concentrations in upgradient monitoring wells were greater than concentrations detected in the groundwater monitoring wells on the Patsouras Property. | **Dkt. No. 973, p. 85:15-21** Arguing that Kekropia mischaracterized both Mr. Mutch's analysis and what constitutes upgradient monitoring wells. **Dkt. No. 950-1, pp. 48-49** Same. |

In all events, Defendants' objections are now moot. The Court has ordered the parties to submit **supplemental** briefs in connection with each summary-judgment or partial summary-judgment motion currently pending. *See* Dkt No. 1012. Plaintiffs' supplemental brief in opposition to Defendants' MSJ may include the arguments and evidence Moving Defendants mischaracterize as an improper sur-reply, and Moving Defendants have an opportunity in their own supplemental brief to respond.

## III.   CONCLUSION

Plaintiffs respectfully request that the Court overrule Moving Defendants' Objections to and Request to Disregard Plaintiffs' Untimely Opposition (Dkt. 951) and overrule their Objection to Plaintiffs' Improper Sur-reply in Connection with

4

Moving Defendants' Affirmative Motions for Summary Judgment (Dkt. 982).  The Court should decide the parties' cross-motions on their merits.

DATED:  February 28, 2022          LATHROP GPM LLP

By: /s/ Ronald A. Valenzuela
Nancy Sher Cohen
Ronald A. Valenzuela
Attorneys for Plaintiffs