PETER A. NYQUIST (SBN 180953)
pnyquist@ggfirm.com
SEDINA L. BANKS (SBN 229193)
sbanks@ggfirm.com
SHERRY E. JACKMAN (SBN 274030)
sjackman@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendant
UNION PACIFIC RAILROAD COMPANY
[Additional Counsel Listed on Following Pages]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BASF CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>APC INVESTMENT CO., et al.,<br><br>Defendants. | Case No. 2:14-CV-06456-GW (Ex)<br>Assigned to Honorable George H. Wu<br><br>**CERTAIN DEFENDANTS' CITATIONS RE: "COVERED PERSONS" UNDER CERCLA AND APPLICABILITY OF RESPONSE COST CAUSATION REQUIREMENT AND RELEASE REQUIREMENT**<br><br>Hearing Date:  March 14, 2022<br>Time:           8:30 a.m.<br>Place:          Courtroom 9D, 9th Floor<br>                350 W. 1st Street<br>                Los Angeles, CA 90012<br>Judge:          Hon. George H. Wu |
| AND RELATED CROSS ACTIONS, COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS | |

| | |
|---|---|
| 1 | <u>Counsel for "Moving Defendants"</u> |
| 2 | PETER A. NYQUIST (SBN 180953) |
|   | pnyquist@ggfirm.com |
| 3 | SEDINA L. BANKS (SBN 229193) |
|   | sbanks@ggfirm.com |
| 4 | SHERRY E. JACKMAN (SBN 274030) |
|   | sjackman@ggfirm.com |
| 5 | GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP |
|   | 2049 Century Park East, Suite 2600 |
| 6 | Los Angeles, California  90067 |
|   | Telephone:  310.553.3610 |
| 7 | Fax:  310.553.0687 |
|   | *Attorneys for Defendant* |
| 8 | UNION PACIFIC RAILROAD COMPANY |
| 9 | WILLIAM D. WICK (SBN 063462) |
|   | bwick@ww-envlaw.com |
| 10 | ANNA L. NGUYEN (SBN 226829) |
|   | anguyen@ww-envlaw.com |
| 11 | WACTOR & WICK LLP |
|   | 3640 Grand Avenue, Suite 200 |
| 12 | Oakland CA 94610-2023 |
|   | Telephone: (510) 465-5750 |
| 13 | *Attorneys for Defendant* |
|   | HALLIBURTON AFFILIATES, LLC |
| 14 |   |
| 15 | EARL L. HAGSTRÖM, ESQ. (SBN 150958) |
|   | ehagstrom@eghblaw.com |
| 16 | DANIEL E. TROWBRIDGE, ESQ. (SBN 301301) |
|   | dtrowbridge@eghblaw.com |
| 17 | EDLIN GALLAGHER HUIE + BLUM |
|   | 500 Washington Street, Suite 700 |
| 18 | San Francisco, CA 94111 |
|   | Telephone:  (415) 397-9006 |
|   | Facsimile:  (415) 397-1339 |
| 19 | *Attorneys for Defendants* |
|   | PMC SPECIALTIES GROUP, INC. and FERRO CORPORATION |
| 20 |   |
| 21 | FARHEENA HABIB, ESQ. (SBN 243405) |
|   | fhabib@eghblaw.com |
| 22 | EDLIN GALLAGHER HUIE + BLUM |
|   | 500 Washington Street, Suite 700 |
| 23 | San Francisco, CA 94111 |
|   | Telephone:  (415) 397-9006 |
|   | Facsimile:  (415) 397-1339 |
| 24 | *Attorneys for Intervenors* |
|   | FIREMAN'S FUND INSURANCE COMPANY and FEDERAL INSURANCE |
| 25 | COMPANY, AS INSURERS FOR PALLEY SUPPLY COMPANY |
| 26 |   |
| 27 |   |
| 28 |   |

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

1  VICTOR J. OTTEN (SBN 165800)
   vic@ottenlawpc.com
2  OTTEN LAW, PC
   5857 Pine Avenue, Suite B
3  Chino Hills, CA 91709
   Telephone: (310) 378-8533
4  *Attorneys for Defendant*
   KEKROPIA, INC.
5
                  Counsel for "Opposing Defendants"
6
   PETER A. NYQUIST (SBN 180953)
7  pnyquist@ggfirm.com
   SEDINA L. BANKS (SBN 229193)
8  sbanks@ggfirm.com
   SHERRY E. JACKMAN (SBN 274030)
9  sjackman@ggfirm.com
   GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
10 2049 Century Park East, Suite 2600
   Los Angeles, California 90067
11 Telephone: 310.553.3610
   Fax: 310.553.0687
12 *Attorneys for Defendant*
   UNION PACIFIC RAILROAD COMPANY
13
   ZACHARY R. WALTON (SBN 181041)
14 zack@ssllawfirm.com
   ROBERT B. MARTIN III (SBN 235489)
15 rob@ssllawfirm.com
   SSL LAW FIRM LLP
16 505 Montgomery Street, Suite 620
   San Francisco, CA 94111
17 Telephone: (415) 814-6400
   Facsimile: (415) 814-6401
18 *Attorneys for Defendants*
   PHIBRO-TECH, INC. and FIRST DICE ROAD COMPANY
19
   CHRISTOPHER G. FOSTER (SBN 119142)
20 cfoster910@gmail.com
   One South Orange Grove Boulevard No. 2
21 Pasadena, CA 91105
   Tel: (626) 799-4950
22 *Attorneys for Defendants*
   APC INVESTMENT COMPANY, ASSOCIATED PLATING COMPANY,
23 ASSOCIATED PLATING COMPANY, INC., CLARE GOLNICK, CHERYL
   GOLNICK, DARRELL GOLNICK, GORDON MCCANN, AND LYNNEA
24 MCCANN

25

26

27

28

1  TAMMY M.J. HONG (SBN 241660)
   tmjhong@ddsffirm.com
2  DEMETRIOU, DEL GUERCIO, SPRINGER & FRANCIS, LLP
   915 Wilshire Boulevard, Suite 2000
3  Los Angeles, California 90017
   Tel: (213) 624-8407
4  Fax (213) 624-0174
   *Attorneys for Defendants*
5  CLAUDETTE A. EARL and EARL MANUFACTURING COMPANY

7  VICTOR J. OTTEN (SBN 165800)
   vic@ottenlawpc.com
8  OTTEN LAW, PC
   5857 Pine Avenue, Suite B
9  Chino Hills, CA 91709
   Telephone:   (310) 378-8533
10 *Attorneys for Defendant*
   KEKROPIA, INC.

**GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP**
2049 Century Park East, Suite 2600
Los Angeles, California 90067

At the March 14, 2022 summary judgment hearing regarding "Common Legal Issues" relating to the upcoming property-specific motions for summary judgment, Defendants[1] advised the Court that it had misinterpreted CERCLA § 9607(a) (also known as CERCLA § 107(a)) in concluding that the <u>response cost causation requirement</u> and <u>release requirement</u> apply only to the category of "covered persons" enumerated under CERCLA § 9607(a)(4)—persons who "accept[] or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by such person . . . " *See* Tentative Ruling (Dkt. 1028) at III(D). While that reading is understandable given the structure of CERCLA § 9607(a), that reading has not been adopted by the courts. Defendants' counsel clarified and Plaintiffs' counsel agreed that the response cost causation requirement and release requirement apply to all categories of "covered persons" under CERCLA § 9607(a). In response, the Court asked Defendants to submit citations on this issue (Dkt. 1030), which are included herein.

The text of CERCLA § 9607(a) on its face appears to attach the response cost requirement and release requirement to only the fourth category of CERCLA "covered persons:"

> (1) the owner and operator of a vessel or a facility,
>
> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
>
> (3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or

---

[1] "Moving Defendants" and "Opposing Defendants" are identified in the counsel list above and are collectively referred to herein as "Defendants."

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

>entity and containing such hazardous substances, and
>
>(4) any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by such person, <u>from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for</u>—[response costs and damages consistent with the National Contingency Plan].

42 U.S.C. 9607(a)(1)-(4) (emphasis added). CERCLA, however, is "notorious for its lack of clarity and poor draftsmanship" (*Lansford-Coaldale Joint Water Auth. v. Tonolli Corp.*, 4 F.3d 1209, 1221 (3d Cir. 1993)), and this is a prime example.

Indeed, one court posits that inclusion of the underlined language above within subparagraph (4) was likely due to a "printer's error:"

>The phrase "from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance" is incorporated in and seems to flow as if it were a part only of subparagraph (4), but it is quite apparent that it also modifies subparagraphs (1)–(3) inclusive. When the Senate's compromise bill was printed in the Congressional Record at the start of the debate, 126 Cong.Rec. 30,916–30, the predecessor of § 9607, id. at 30,921, followed the printing format of the Senate version as reported at id. at 30,908; see also 1 CERCLA Legislative History, supra, at 486; in each case subparagraph (4) ended with the words "selected by such person," and the commencing clause "from which there is a release" was printed as a new line, supporting the reading we give it above. The latter clause evidently slipped into subparagraph (4), as sometimes happens in the waning days of a session, when the entire Senate compromise was reprinted prior to the final vote. 126 Cong.Rec. 30,961; see also 1 CERCLA Legislative History, supra, at 602–03. The change thus appears to have been simply a printer's error.

*State of N.Y. v. Shore Realty Corp.*, 759 F.2d 1032, n.16 (2d Cir. 1985); *see also, S.*

*California Water Co. v. Aerojet-Gen. Corp.*, No. CV 02-6340ABCRCX, 2003 WL 25537163, n.1 (C.D. Cal. Apr. 1, 2003) ("The phrase 'from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance' is incorporated in the statutory text as if it only modifies subparagraph (4), but the phrase modifies subparagraphs (1)-(3) as well.").

Indeed, the Ninth Circuit recognizes that the response cost causation requirement and release requirement apply to all classes of "covered persons" under CERCLA § 9607(a). *Carson Harbor Vill., Ltd. v. Unocal Corp.,* 287 F. Supp. 2d 1118, 1152 (C.D. Cal. 2003), *aff'd sub nom. Carson Harbor Vill. v. Cty. of Los Angeles,* 433 F.3d 1260 (9th Cir. 2006) ("To establish a prima facie right to recovery under § 9607(a), a plaintiff must demonstrate that: (1) the site on which the hazardous substances are contained is 'facility' as defined in CERCLA; (2) a "release" or "threatened release" of a "hazardous substance" from the facility has occurred; (3) the "release" or "threatened release" has caused the plaintiff to incur response costs that were "necessary" and "consistent with the national contingency plan;" and (4) defendants are within one of four classes of persons subject to liability under § 9607(a)." (emphasis added) *citing Carson Harbor Village, Ltd. v. Unocal Corp.,* 270 F.3d 863, 873, 888 (9th Cir. 2001); *3550 Stevens Creek Associates v. Barclays Bank*, 915 F.2d 1355, 1358 (9th Cir. 1990) (same); *Long Beach Unified School District v. Dorothy B. Godwin California Living Trust*, 32 F.3d 1364, 1366–67 (9th Cir. 1994) (same).

Accordingly, the Court's final ruling on the "Common Legal Issues" should reflect that the <u>response cost causation requirement</u> and <u>release requirement</u> apply to all categories of "covered persons" enumerated under CERCLA § 9607(a)—including any current "owner and operator of . . . a facility" and "any person who at the time of disposal of any hazardous substances owned or operated any facility at which such hazardous substances were disposed of." *See* 42 U.S.C. § 9607(a)(1)-(2).

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

RESPECTFULLY SUBMITTED:

DATED: March 15, 2022     GREENBERG GLUSKER FIELDS
                          CLAMAN & MACHTINGER LLP

                          By: /s/ Peter A. Nyquist
                              PETER A. NYQUIST (SBN 180953)
                              Attorneys for Defendant
                              UNION PACIFIC RAILROAD COMPANY

DATED: March 15, 2022     WACTOR & WICK LLPC

                          By: /s/ William D. Wick
                              WILLIAM D. WICK (SBN 063462)
                              ANNA L. NGUYEN (SBN 226829)
                              Attorneys for Defendant
                              HALLIBURTON AFFILIATES, LLC

DATED: March 15, 2022     EDLIN GALLAGHER HUIE + BLUM

                          By: /s/ Earl L. Hagstrom
                              EARL L. HAGSTROM (SBN 150958)
                              DANIEL E. TROWBRIDGE (SBN 301301)
                              Attorneys for Defendants
                              PMC SPECIALTIES GROUP, INC. and
                              FERRO CORPORATION

DATED: March 15, 2022     EDLIN GALLAGHER HUIE + BLUM

                          By: /s/ Farheena Habib
                              FARHEENA HABIB (SBN 243405)
                              Attorneys for Intervenors
                              FIREMAN'S FUND INSURANCE COMPANY
                              and FEDERAL INSURANCE COMPANY, AS
                              INSURERS FOR PALLEY SUPPLY
                              COMPANY

DATED: March 15, 2022     OTTEN LAW, PC

                          By: /s/ Victor J. Otten
                              VICTOR J. OTTEN (SBN 165800)
                              Attorneys for Defendant
                              KEKROPIA, INC.

88151-00029/4298673.3                    4        CERTAIN DEFENDANTS' CITATIONS RE:
                                                    CERCLA "COVERED PERSONS"

| | | |
|---|---|---|
| DATED: March 15, 2022 | | SSL LAW FIRM |
| | | By: /s/ Robert B. Martin |
| | | ZACHARY R. WALTON (SBN 181041) |
| | | ROBERT B. MARTIN III (SBN 235489) |
| | | Attorneys for Defendants |
| | | PHIBRO-TECH, INC. and FIRST DICE ROAD COMPANY |
| DATED: March 15, 2022 | | CHRISTOPHER FOSTER LAW OFFICES |
| | | By: /s/ Christopher G. Foster |
| | | CHRISTOPHER G. FOSTER (SBN 119142) |
| | | Attorneys for Defendants |
| | | APC INVESTMENT COMPANY, ASSOCIATED PLATING COMPANY, ASSOCIATED PLATING COMPANY, INC., CLARE GOLNICK, CHERYL GOLNICK, DARRELL GOLNICK, GORDON MCCANN, AND LYNNEA MCCANN |
| DATED: March 15, 2022 | | DEMETRIOU, DEL GUERCIO, SPRINGER & FRANCIS, LLP |
| | | By: /s/ Tammy M.J. Hong |
| | | TAMMY M.J. HONG (SBN 241660) |
| | | Attorneys for Defendants |
| | | CLAUDETTE A. EARL and EARL MANUFACTURING COMPANY |

## CERTIFICATION OF CONCURRENCE FROM ALL SIGNATORIES

I, Sherry E. Jackman, am the ECF user whose ID and password are being used to file this document. In compliance with C.D. Cal. Civ. L.R. 5-4.3.4(a)(2)(i), I hereby attest that I have obtained the concurrence of each signatory to this document.

/s/ Sherry E. Jackman
Sherry E. Jackman