LATHROP GPM LLP
Nancy Sher Cohen, Bar No. 81706
    nancy.cohen@lathropgpm.com
Ronald A. Valenzuela, Bar No. 210025
    ronald.valenzuela@lathropgpm.com
2049 Century Park East, Suite 3500S
Los Angeles, California 90067-1623
Telephone:    310.789.4600
Facsimile:    310.789.4601

LATHROP GPM LLP
William F. Ford (*admitted pro hac vice*)
    bill.ford@lathropgpm.com
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108
Telephone:    816.292.2000
Facsimile:    816.292.2001

Attorneys for Plaintiffs
BASF Corporation et al.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BASF CORPORATION, et al., | Case No.  2:14-cv-06456 GW (Ex.) |
| Plaintiffs, | **OBJECTIONS TO SUPPLEMENTAL BRIEF OF PATSOURAS PROPERTY DEFENDANTS (ECF NO. 1065)** |
| v. | Date: |
| APC INVESTMENT CO., et al., | Time: |
| Defendants. | Place:    350 W. 1st Street<br>Courtroom 9D, 9th Floor<br>Los Angeles, CA 90012 |
| | Judge:    Hon. George H. Wu |

1   **I.     INTRODUCTION**

2           Plaintiffs BASF Corporation et al. ("Plaintiffs") object to the supplemental

3   brief submitted by Kekropia, Inc., Halliburton Affiliates, LLC, and Intervenors

4   Fireman's Fund Insurance Co. and Federal Insurance Co. ("Palley Supply") as

5   Insurers of Palley Supply Company (collectively, "Patsouras Property Defendants"

6   or "Defendants") in support of Defendants' Motion for Summary Judgment, ECF

7   No. 1065 (the "Supplemental Brief"), on two grounds. First, Palley Supply

8   improperly attempts to assert a new ground upon which it seeks summary

9   judgment. Second, Defendants' Supplemental Brief exceeds the Court-ordered 7-

10  page limit. Plaintiffs ask the Court to exclude or otherwise disregard all argument

11  and evidence (1) proffered by Palley Supply in support of its new basis for seeking

12  summary judgment, and (2) appearing on pages 8 through 11 of Defendants'

13  Supplemental Brief.

14  **II.    OBJECTIONS**

15          **A.     Palley Supply's New Basis for Seeking Summary Judgment Must**

16                  **Be Excluded**

17          On January 14, 2021, Palley Supply moved for summary judgment against

18  Plaintiffs **on the single ground of lack of causation.** *See* Defs.' Mot. for Summ. J.

19  at 54:2-6, 56:8-12, 65:23-66:1, ECF No. 902. Specifically, Palley Supply and the

20  other Patsouras Defendants argue that they are entitled to summary judgment

21  because Plaintiffs cannot offer evidence showing a "release" of hazardous

22  substances at the Patsouras Property has reached OU2 Groundwater, causing

23  Plaintiffs to incur response costs under the OU2 Consent Decree. *Id*. This Court has

24  itself recognized that this is the sole basis of Defendants' pending summary-

25  judgment motion. *See* May 6, 2022, In Chambers Ruling at 8, ECF No. 1072

26  ("Defendants Halliburton Affiliates, LLC; Kekropia, Inc.; and Intervenors

27  Fireman's Fund Insurance Company and Federal Insurance Company, as Insurers

28  for [Defendant] Palley Supply Company … seek summary judgment … on the

grounds of failure to demonstrate causation through a plausible migration pathway.").[1]

Now, over a year later, after its motion has been fully briefed, Palley Supply seeks to take advantage of the Court's order requiring supplemental briefing to add **an entirely new ground** for seeking summary judgment. Defs.' Supp. Br. at 2:7-12, 8-10, ECF No. 1065. Palley Supply now argues—for the first time—that Plaintiffs cannot meet their burden of proof to show that there was a disposal of an "OU-2 "Hazardous Substance" during Palley Supply's ownership and operation of the Patsouras Property (from approximately 1975 to 1992). *Id*.

It is black letter law that it is improper for a moving party to introduce new arguments for the first time on reply. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *Federal Industries, Inc. v. Cameron Techs. US Inc.*, No. CV 07-1098-VBF(CTX), 2009 WL 10670395, at *5 (C.D. Cal. Jan. 30, 2009) (citing *United States ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers")); *see also Lujan v. National Wildlife Fed'n,* 497 U.S. 871 (1990). In *Federal Industries,* defendant made three legal arguments in its motion for summary judgment as to why plaintiff could not show the existence of a binding contract or agreement between the parties. 2009 WL 10670395, at *4-5. On reply, defendant argued for the first time that it was entitled to summary judgment on a fourth, alternative ground, namely, plaintiff had failed to show it paid any consideration in exchange for the alleged agreement. *Id*. at *5. The district court declined to consider this new argument, because defendant had not raised it in its opening brief, and it was

---

[1] In its May 6, 2022, In Chambers Ruling, the Court confirmed that whether Plaintiffs have incurred response costs as a result of a release or threatened release will not be litigated in this initial phase of litigation.

1    improper to raise it on reply. *Id*.

2          Here too, Defendant Palley Supply raises a new argument on reply,

3    attempting to sneak in an alternative basis for summary judgment having realized

4    that its original basis will not be adjudicated in this phase (and is belied by the

5    evidence). Had Palley Supply raised its new "disposal" argument in its opening

6    brief, Plaintiffs would have had the opportunity in their Opposition to describe for

7    the Court, and present supporting evidence of, the "disposals" of hazardous

8    substances that occurred when Palley Supply owned the Patsouras Property.[2] Given

9    Palley Supply's decision not to pursue this argument in its opening brief, Plaintiffs

10   had no need to marshal that evidence last year when the parties briefed the pending

11   motions. Nor did Plaintiffs need to offer such evidence in support of their own

12   motion for partial summary judgment, because Plaintiffs did not move against

13   Defendant Palley Supply. Plaintiffs seek partial summary judgment against only

14   one of the three PRPs at the Patsouras Property, namely, Defendant Kekropia, Inc.,

15   the current owner of the property. *See* Pls.' Mot. for Partial Summ. J. at 9:15-20:12,

16   ECF No. 903-2. To establish that Kekropia, Inc. is a "covered person" under

17   CERCLA, Plaintiffs are not required to establish that a "disposal" occurred at the

18   property. *See Carson Harbor Village, Ltd. v. Unocal Corp.*, 270 F.3d 863, 871-72

19   (9th Cir. 2001) (showing of disposal only required to establish liability against

20   *former* owner or operators); *see also* May 9 Ruling at 3 n.4, 8 n.9, 14, 17-18 (same).

21         This Court can, and respectfully must, exclude Palley Supply's new

22   "disposal" argument asserted for the first time in the Patsouras Defendants'

23   Supplemental Brief. *Fed. Indus.*, 2009 WL 10670395 at *5. It would be unfair to

24

25   ───────────────

[2] To be sure, there *is* evidence in the current record establishing that a "disposal" occurred at

26   the Patsouras Property when Palley Supply owned and operated it, **and Palley Supply**
     **admits as much**. *See, e.g.,* Defs.' Joint Response to Pls.' Statement of Genuine Disputes

27   ¶ 217, ECF No. 959. But this is beside the point. The "disposal" question has not been
     properly presented to the Court. Palley Supply must not be permitted to seek summary

28   judgment by ambush.

1  Plaintiffs for this Court to abide Palley Supply's eleventh-hour gambit arguing that

2  Plaintiffs failed to produce evidence of a "disposal" when Plaintiffs were never

3  required to produce such evidence.

4        **B.**    **The Court Should Exclude Pages 8 through 11 of the Patsouras**

5                **Defendants' Supplemental Brief**

6        The Patsouras Defendants' 11-page Supplemental Brief violates the Court's

7  Order limiting the parties' supplemental briefs to 7 pages.[3] Hearing Tr., 12:15-18,

8  Feb. 3, 2022; Hearing Tr. 12:5-10, 13:4-22, Jan. 27, 2022. The excess pages—

9  pages 8 through 11—should therefore be excluded, especially given that ***Palley***

10  ***Supply used the extra pages to improperly assert its new ground for seeking***

11  ***summary judgment***. ECF No. 1065 at pp. 8-10; *See, e.g.*, *ITN Flix, LLC v.*

12  *Hinojosa*, No. 2:14-CV-08797-ODW (AGRx), (C.D. Cal. Aug. 6, 2019)

13  ("Defendants' . . . reply papers in connection with their motion to dismiss fail to

14  comply with this Court's local rules . . . [T]he reply exceeds the twelve-page limit.

15  ... Accordingly, the Court does not consider pages thirteen through twenty-four of

16  … Defendants' Reply."); *Yocum v. CBS Corp.*, No. CV 17-01061 SJO (AJWx),

17  2017 WL 8231363, at *2 (C.D. Cal. May 1, 2017) (striking excessive pages in reply

18  brief that exceeded the Court's five-page limit and holding that it would "only

19  consider the first five pages of the Reply."); *see also Ready Transp., Inc. v. AAR*

20  *Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) ("It is well established that district

21  courts have inherent power to control their docket. . . This includes the power to

22  strike items from the docket as a sanction for litigation conduct." (quotation marks

23  and citation omitted)).

---

24  [3] Plaintiffs and Defendant Union Pacific Railroad Company ("Union Pacific") agreed to file
25  one, 10-page supplemental brief each, rather than two, seven-page supplemental briefs, in
26  support of their respective motions for partial summary judgment as to the Chrysler
   Property. ECF No. 1045. The Court granted Plaintiffs' and Union Pacific's request, but the
27  Court's Order did **not** apply to the Patsouras Defendants' Supplemental Brief nor to any
   other brief except the two related to the Chrysler Property. *Id.*; ECF No. 1046.
28

1    Plaintiffs followed the Court's Order and limited their supplemental brief
2    concerning the Patsouras Property to 7 pages. *See* Pls' Supp. Br., ECF No. 1067.
3    Moreover, Plaintiffs' seven-page brief addresses ***both*** their affirmative motion
4    against Defendant Kekropia ***and*** the Patsouras Property Defendants' motion for
5    summary judgment. Plaintiffs were able to do so because Kekropia's Opposition to
6    Plaintiffs' Motion for Partial Summary Judgment is a near carbon-copy of the
7    Patsouras Property Defendants' motion. Kekropia's Opposition and the Patsouras
8    Property Defendants' Motion both argue that Plaintiffs cannot offer evidence
9    showing that a release or threatened release of hazardous substances at or from the
10   Patsouras Property has reached OU2 Groundwater causing Plaintiffs to incur
11   response costs. Accordingly, Plaintiffs addressed the salient points of both
12   submissions in a single brief to avoid filing two, largely redundant supplemental
13   briefs. Plaintiffs complied with the Court's Order. Defendants should not be
14   allowed to disobey it.

15

16   DATED: May 16, 2022                    LATHROP GPM LLP

17

18                              By:         /s/ Nancy Sher Cohen
19                                          _____
20                                          Nancy Sher Cohen
                                            Attorneys for Plaintiffs BASF Corporation et al.
21

22

23

24

25

26

27

28