LATHROP GPM LLP
Nancy Sher Cohen, Bar No. 81706
    nancy.cohen@lathropgpm.com
Ronald A. Valenzuela, Bar No. 210025
    ronald.valenzuela@lathropgpm.com
2049 Century Park East, Suite 3500S
Los Angeles, California 90067-1623
Telephone:    310.789.4600
Facsimile:    310.789.4601

LATHROP GPM LLP
William F. Ford (*admitted pro hac vice*)
    bill.ford@lathropgpm.com
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108
Telephone:    816.292.2000
Facsimile:    816.292.2001

Attorneys for Plaintiffs
BASF Corporation et al.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BASF CORPORATION, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>APC INVESTMENT CO., et al.,<br><br>        Defendants. | Case No.  2:14-cv-06456 GW (Ex.)<br><br>**JULY 7, 2022 JOINT SCHEDULING REPORT FOR PHASE 2** |

Plaintiffs BASF Corporation et al. ("Plaintiffs") and defendants APC Investment Co. et al. ("Defendants") submit this Joint Scheduling Report for Phase 2, as required under the Court's June 30, 2022 Order (ECF No. 1109). The parties were unable to agree upon a trial date or pretrial schedule and, accordingly, set out their respective positions below.

## I.  PLAINTIFFS' POSITION

Plaintiffs believe that this case can be prepared for trial by March 27, 2023. Defendants insist that trial begin months later, in October 2023. In an effort to resolve the parties' dispute, Plaintiffs suggested that the parties compromise and agree to a June 1, 2023 trial date, especially given that the Court has already indicated that it was inclined to set a trial date closer to March 2023, as Plaintiffs have proposed, than to October 2023, the timeframe Defendants are insisting upon. Defendants refused to compromise or offer an alternative trial date to resolve the parties' dispute.

### A.  June 30 Scheduling Conference

On June 30, 2022, the parties appeared before the Court to discuss a trial date and pretrial schedule for this case. The parties proposed alternative schedules. Plaintiffs proposed a March 27, 2023, trial date. Defendants proposed a January 14, 2025, trial date. *See* Jun. 24, 2022 Joint Scheduling Report for Phase 2 (ECF No. 1104). During the conference, and consistent with the Court's June 29, 2022 Tentative Position Re Proposed Schedule (ECF No. 1106) ("Tentative"), the Court indicated that it was inclined to adopt Plaintiffs' proposed schedule. *See* Tentative at 2; Tr. of Scheduling Conference ("Tr.") at 8:2-11 (Jun. 30, 2022).

In light of the Court's comments, Defendants' liaison counsel abandoned Defendants' request for a 2025 trial date and suggested a fall 2023 trial date. *See* Tr. at 9:4-7. However, the Court stated that it was "not going wait around, even to, like, the end of 2023 for the trial in this matter. The trial is going to be **way before that**." *Id.* at 8:7-11 (emphasis added). The Court added that

- 1 -

> If I cut the baby, I'm cutting the baby much closer to March of
> 2023, than I would be to even, like, October of 2023.

*Id.* at 12:24-13:1. The Court ordered the parties to further meet and confer to try to reach a compromise having now had the benefit of the Court's thinking on the issue as reflected in the Tentative.

### B.     Efforts to Reach Agreement on a Pretrial Schedule

On July 1, the parties conferred as ordered by the court. Plaintiffs advised Defendants' liaison counsel that it was clear that the Court would likely set a trial date "closer to March of 2023 … than … October of 2023. So, to avoid burdening the Court with dueling schedules, plaintiffs were willing to compromise and would agree to a June 1 trial date, even though Plaintiffs believed that the case could be prepared for trial well before that. Under the proposed compromise, fact discovery would be conducted from July 29 through December 23, 2022, expert discovery would be conducted December 24, 2022 through March 20, 2023, and pretrial motion practice would be conducted from March 21 through May 11, 2023.

Defendants rejected the compromise and insisted that the trial date be set toward the end of 2023, perhaps in October—despite the Court's clear message during the June 30 Scheduling Conference that it would not set a date trial toward the end of the 2023. Defendants continue to argue that the parties cannot prepare the case for trial before October 2023. But of course, just a week ago, during the June 30 Scheduling Conference, Defendants represented to the Court that it would be nearly impossible to prepare the case for trial in less than 2 ½ years, namely, before January 2025, so their representations on this subject should be taken with a grain of salt.

On July 5, Plaintiffs advised Defendants' liaison counsel that the parties were at an impasse, so Plaintiffs intended to ask the Court to set a March 27, 2023 trial date and adopt the schedule that Plaintiffs submitted with the June 24, 2022 Joint Scheduling Report, which is attached here as Attachment 1 for the Court's

convenience. Later that evening, Defendants proposed, via e-mail, that the parties agree that, regardless of which trial date the Court sets, (1) Initial Disclosures will be served July 22, a week earlier than either Plaintiffs or Defendants had previously proposed, and (2) Defendants would serve their first round of discovery on Plaintiffs on July 29.[1] Defendants did not explain why accelerating by 1 week the deadline for Initial Disclosures was necessary or prudent.[2] The proposal was all the more baffling given Defendants' repeated (and hollow) insistence that more, not less, time was needed to conduct discovery.

The next morning, July 6, Plaintiffs reminded Defendants that Plaintiffs had indicated during the June 30 telephonic meet-and-confer that Plaintiffs would be willing to discuss adjustments to the pretrial schedule Plaintiffs had proposed if

---

[1] Defendants also indicated that they intended to propound discovery on each individual Plaintiff rather than on Plaintiffs as a group. But as previously discussed with this Court, Plaintiffs act as a group and are treated as a single group by the federal and state governments with respect to Plaintiffs' obligations under the OU2 Consent Decree and in other communications and interactions involving the Omega Chemical Corporation Superfund Site. Indeed, previously, Defendants have always treated Plaintiffs as a single group when conducting discovery, engaging in motion practice, and in all other aspects of litigation in this case. Moreover, Plaintiffs have stipulated to liability in this case having formerly "arranged" for the proper processing or disposal of chemicals by the now-defunct Omega Chemical Corporation in Whittier, California. Defendants offer no explanation, let alone a justification, as to what has now changed that warrants or requires individualized discovery about Plaintiffs. Nor can they. Instead, Defendants' threat to conduct such discovery is likely nothing more than an attempt to unnecessarily expand the amount of discovery and further prolong this litigation.

[2] Defendants also proposed that Plaintiffs stipulate "that chemicals from the Omega site have migrated throughout the OU-2 groundwater plume." Plaintiffs promptly wrote back, indicating that Plaintiffs are generally willing to discuss stipulations that will streamline or narrow the issues for trial but would expect Defendants to reciprocate. To date, most Defendants have been unwilling to stipulate to anything, even admitted and uncontroverted facts. The recent liability summary-judgment motions offer the most recent example of this. That said, Plaintiffs indicated that if Defendants provided a draft stipulation, Plaintiffs would consider it, as it was unclear from Defendants' e-mail what Defendants were proposing, and Plaintiffs could not respond to the vague proposal.

1   Defendants would agree to a June 1 trial date. But given that Defendants rejected
2   the June 1 compromise, Plaintiffs intended to ask the Court to adopt the schedule
3   that Plaintiffs submitted with the June 24, 2022 Joint Scheduling Report and saw no
4   reason to modify it, as Defendants were now proposing.

5           **C.**    **The Court Should Set a March 27, 2023 Trial Date and Adopt**
6                **Plaintiffs' Proposed Pretrial Schedule.**

7         Plaintiffs believe that this case can be (and should be) efficiently and
8   expeditiously resolved by early next year. Adopting Plaintiffs' proposed schedule
9   and a March 27, 2023 trial date will promote judicial economy and conserve the
10  parties' resources, as it will compel the parties to focus on the salient, disputed
11  issues, promptly complete any remaining discovery, and either prepare their cases
12  to be tried on the merits or avoid the expense and litigation risks of trial by
13  engaging in serious efforts to resolve their dispute informally. An earlier trial date
14  will also promote a **global** resolution of Plaintiffs' pending and prospective
15  CERCLA claims against the <u>Cal-Tron</u> defendants and dozens of other PRPs.

16        Plaintiffs ask the Court to set a March 27, 2023 trial date and adopt
17  Plaintiffs' schedule, as set forth in the proposed order submitted with this Report.

18

19  **II.**    **DEFENDANTS' POSITION**

20        Defendants, through their liaison counsel, respectfully request the Court enter
21  a scheduling order setting October 16, 2023 as the trial date in this matter, along
22  with the related pre-trial deadlines discussed below and set forth in the proposed
23  order attached as Exhibit A. Defendants' schedule is measured, reasonable, and
24  responsive to the Court's guidance at the June 30, 2022 hearing. It provides for
25  eight months of fact discovery, four months of expert discovery, and two months
26  for motions in limine, *Daubert* motions, or motions for summary judgment. It
27  should adequately allow Defendants to prepare their defense against Plaintiffs'
28  claims while expeditiously moving this case toward resolution.

Plaintiffs' proposed schedule, however, does none of those things. Plaintiffs again propose the same March 2023 trial date that the Court already rejected at the June 30 hearing. (*See* June 30, 2022 Hearing Tr. at 12:7-12 (PLAINTIFF'S COUNSEL: "we would like the Court to order today the March 27th, 2023 trial date…. THE COURT: Let me stop you, Ms. Cohen. The answer to that is no.").[3] Plaintiffs' schedule continues to be plainly unrealistic. It (a) includes a fact discovery cut-off date on Thanksgiving Day; (b) provides expert witnesses—including those who may need to be retained based on discovery—just four business days to draft their expert reports after the close of fact discovery; (c) provides only two months (including year-end holidays) to complete expert discovery; (d) provides two business days from the close of expert discovery before the parties need to bring *Daubert* motions or motions in limine; and (e) provides for one month for the parties to brief, and the Court to consider and hear, motions in limine, *Daubert* motions, and motions for summary judgment before the trial date. The Court stated it generously at the June 30 hearing that Plaintiffs' schedule is "let's say, too optimistic as far as scheduling." (Hearing Tr. at 6:22-24.)

At the June 30 hearing and in its tentative ruling for that hearing, the Court observed that Plaintiffs bear the burden of proof, and so their request for trial in March 2023 appeared reasonable because if Plaintiffs can be prepared for trial then, so can Defendants. (Doc. 1106 at 3.) Unfortunately, the issues are not that simple. Per earlier stipulations between the parties, Defendants could <u>not</u> pursue discovery on certain causation issues, response costs, allocation, or cross-defendant claims until resolution of the just-completed motions for summary judgment. (Doc. 615 at 2-3.) Plaintiffs have most of the evidence concerning their case in their possession (such as response cost data), and Plaintiffs have had ample time over the past years

---

[3] Further citations to the June 30, 2022 hearing transcript will use the abbreviation "Hearing Tr."

1    to develop their fact and expert arguments on that evidence. Further, Defendants are

2    conducting investigations and/or remediation under the oversight of California

3    DTSC and RWQCB and thus must upload reports and data in real time

4    to envirostor.dtsc.ca.gov and geotracker.waterboards.ca.gov. Those online

5    databases (available to Plaintiffs and the public) provide access to all of

6    Defendants' site reports and data. There is no equivalent for Plaintiff's regional

7    investigation and remedy work performed in conjunction with EPA. (The most

8    recent technical document posted on EPA's online Omega Chemical OU-2 site is

9    from 2020.)

10         Thus, Plaintiffs already have most of what they need for the second phase of

11   the litigation. But Defendants will need to conduct discovery of Plaintiffs and EPA

12   to obtain this crucial regional data, and they need time to do that. Defendants'

13   proposed trial schedule provides that time.

14         As Plaintiffs stated during the meet-and-confer process concerning this joint

15   report, Plaintiffs believe the Court intends to "split the baby" (playing off the

16   Court's earlier use of the phrase, *see* Hearing Tr. at 12:18) on the parties'

17   competing trial schedules, thus choosing some date between March 2023 and

18   October 2023. But the Court should disregard Plaintiffs' schedule entirely because

19   it has no realistic chance of actually working. Their demand for a March 2023 trial

20   date is calculated to prevent Defendants from having a meaningful opportunity to

21   prepare for trial.[4] Defendants also earlier proposed a January 2025 trial, and

22   Defendants' proposal now of an October 2023 trial is a significant concession that

23   goes well beyond meeting in the middle. Indeed, several defendants still believe an

24   October 2023 trial will unfairly prejudice them, but Defendants still propose that

25   _____

26   [4] Indeed, during the meet-and-confer process for this joint report, Plaintiffs proposed adding
     one month to their equally unreasonable initial proposal of a March 2023 trial date. But
27   Plaintiffs stated that if Defendants did not accept, Plaintiffs would revert to their March
     2023 trial date proposal.
28

date mindful of the Court's comments. The Court should adopt Defendants'
schedule.

**A.    Defendants Propose a Trial Date of October 16, 2023 Following a Reasonable and Measured Pre-Trial Schedule**

Defendants propose the following schedule for the remainder of this action,
starting with the trial date and working backwards:

| Event | Weeks Before Trial | Date |
|---|---|---|
| Trial | 0 | Oct. 16, 2023 |
| Final pre-trial conference & hearing cut-off | 2 | Oct. 2, 2023 |
| Mandatory ADR completion date | 5 | Sept. 8, 2023 |
| Last day to file replies for motions in limine, Daubert motions, or motions for summary judgment | 4 | Sept. 15, 2023 |
| Last day to file oppositions for motions in limine, Daubert motions, or motions for summary judgment | 6 | Sept. 1, 2023 |
| Last day to file motions in limine, Daubert motions, or motions for summary judgment | 9 | Aug. 11, 2023 |
| Last day to depose Rule 26(a)(2)(D)(ii) rebuttal experts | 13 | Jul. 14, 2023 |
| Last day to disclose Rule 26(a)(2)(D)(ii) rebuttal experts and exchange rebuttal expert reports | 19 | Jun. 2, 2023 |
| Last day to depose Rule 26(a)(2)(D)(i) experts | 23 | May 5, 2023 |
| Last day to disclose Rule 26(a)(2)(D)(i) experts and exchange expert reports | 30 | Mar. 17, 2023 |
| Fact discovery cut-off date | 34 | Feb. 17, 2023 |
| Further status conference re: discovery | 57 | Sept. 19, 2022 |
| Updated initial disclosures due | 64 | Jul. 22, 2022 |

To briefly explain some of the line items above:

1.      The July 22, 2022 deadline for updated initial disclosures is appropriate because of the accelerated trial schedule. Defendants initially asked for a July 29, 2022 initial disclosures deadline in conjunction with their earlier January 2025 proposed trial date, but Defendants understand the Court's desire to resolve this matter more promptly. Accordingly, Defendants request an accelerated timeline on the parties' providing updated initial disclosures.[5]

2.      Defendants propose the Court set a further status conference on September 19, 2022 to discuss the status of discovery. Before the end of July 2022, Defendants intend to serve written discovery requests and deposition notices to the various plaintiff entities, as well as the project managers involved with OU-2 groundwater remediation. Plaintiffs' responses to those discovery requests will be due no later than the end of August 2022. Based upon previous meet-and-confer efforts, Defendants anticipate Plaintiffs will object to a substantial amount of the discovery requests, and the Court may need to resolve those objections.[6] Defendants will know more about Plaintiffs' positions after discovery is served, and

---

[5] During the meet-and-confer process for this joint report, Defendants proposed the July 22, 2022 deadline for updated initial disclosures. Plaintiffs refused, insisting upon their previously-requested July 29 deadline.

[6] For example, Defendants informed Plaintiffs that they intend to issue Rule 30(b)(6) deposition notices to each of the individual plaintiffs to gather evidence whether each of the plaintiffs is entitled to contribution (*e.g.*, whether each of those plaintiffs paid more than their fair share of necessary response costs). Plaintiffs previously objected to such discovery (*see* Doc. 600) based upon Plaintiffs' purported willingness to stipulate to their own liability for OU-2 groundwater contamination. But Plaintiffs have never entered into such a stipulation. Plaintiffs also claimed during the meet-and-confer process that Defendants agreed not to seek discovery from individual Plaintiffs, but Defendants are unaware of any such agreement.

request the Court schedule the conference to address possible delays resulting from discovery disputes between the parties.[7]

3.     The fact discovery cut-off of February 17, 2023 provides for eight months (counting from July) of fact discovery. Those eight months are necessary because of the number of remaining factual issues requiring investigation, including (a) causation and response costs; (b) plaintiffs' liability; (c) allocation; (d) cross-defendant claims; and (e) third-party claims.[8]

4.     Following fact discovery cut-off (and the typical document dump that often occurs on that date), the parties have four weeks to complete review of fact discovery and for their Rule 26(a)(2)(D)(i) experts to finalize their expert reports, which are due on March 17, 2023. Defendants anticipate there could be 10-20

_____

[7] Further, although Defendants will endeavor in good faith to meet the deadlines set forth in their proposed schedule, Defendants must admit to the possibility that discovery disputes between the parties or other issues may cause delays justifying later requests to continue the trial date.

[8] Defendants maintain their position that consolidation of these proceedings with the *Cal-Tron* matter, and the addition of other third parties, is necessary for the Court to allocate fairly any liability in this matter. Defendants are not looking to delay these proceedings but believed earlier that the Court would want to exercise its *sua sponte* authority to consolidate the cases for efficiency purposes. *See Devlin v. Transp. Communications Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999); *Frazier v. Garrison*, 980 F.2d 1514, 1531 (5th Cir. 1993). Defendants intend to bring a noticed motion for consolidation shortly. Defendants also intend to seek to join additional parties in relation to "orphan share" issues. The general rule in CERCLA cases is that a plaintiff seeking contribution must absorb allocation shares that are attributable to viable nonparties that plaintiff has failed to name as defendants. *See Trinity Industries, Inc. v. Greenlease Holding Co.*, 903 F.3d 333, 368 n.6 (3d Cir. 2018); *City of Wichita, Kansas v. Trustees of APCO Oil Corp. Liquidating Tr.*, 306 F. Supp. 2d 1040, 1129 (D. Kan. 2003); *United States v. Davis*, 31 F. Supp. 2d 45, 68 (D.R.I. 1998) aff'd, 261 F.3d 1 (1st Cir. 2001). Thus, unless Plaintiffs either agree to assume any such orphan shares attributable to nonparties, or otherwise prove that any such nonparty PRPs are insolvent or defunct, additional PRPs (including the *Cal-Tron* defendants) will need to be joined to ensure a fair, reasonable and final allocation of alleged liability under CERCLA.

expert witnesses disclosed at that time – *e.g.*, each individual defendant may have their own expert to discuss individual allocation issues, and there may be other defense expert witnesses to discuss causation and response costs. Thus, Defendants propose a seven-week period for deposition of those experts.

5.      After finishing with those depositions, the parties have four weeks to disclose rebuttal experts and provide rebuttal expert reports. Assuming there will be fewer rebuttal expert witnesses, the schedule provides six weeks for depositions of those rebuttal experts.

6.      The schedule then provides four weeks between the close of expert discovery and the deadline to bring motions in limine, *Daubert* motions, or motions for summary judgment. The schedule includes a typical briefing schedule (three weeks for opposition briefs, two weeks for reply), and then two additional weeks for the Court to consider the briefing and issue rulings at the pre-trial conference and hearing cut-off date on October 2, 2023.

**B.      Plaintiffs' Schedule Has No Realistic Chance of Working And Is Calculated to Prevent Defendants From Preparing Their Defense**

A brief review of Plaintiffs' proposed schedule shows just how unrealistic and unreasonable it is:

1.      Plaintiffs' schedule provides less than five months to complete fact discovery. As noted above, Plaintiffs already have the evidence they need, which is either in their possession or available from public sources. Defendants need significant discovery from Plaintiffs and EPA and have not had an opportunity, until now, to even request disclosure of that discovery. Plaintiffs even misleadingly claimed in earlier briefing that fact discovery concerning the remaining issues to be litigated (*e.g.*, causation, response costs, allocation) has already been completed, a point the Court stated in its tentative ruling. (*See* Doc. 1106 at 2.) That point is not true. Defendants have been unable to take any discovery on causation, response

costs, or allocation until now. (*See* Doc. 615 at 2-3.) Thus, Plaintiffs' argument that they can complete fact discovery in less than five months is completely one-sided.

2.      There is no time in Plaintiffs' fact discovery schedule for the parties to attempt to resolve discovery disputes or present those disputes to the Court for resolution.

3.      A telling example of Plaintiffs' unrealistic schedule is their date for the close of fact discovery, which falls on Thanksgiving Day.

4.      Expert disclosures and reports are then due *four business days* after Thanksgiving, providing expert witnesses no time to analyze the discovered material and finalize their expert reports.

5.      The schedule requires completion of expert discovery in December and January (two months, including year-end holidays). Plaintiffs earlier claimed that expert discovery should take three months (Doc. 1104 at 11:18), and so their proposal to complete expert discovery in two months is either misleading or sloppy.[9] Plaintiffs stated in the meet-and-confer process that two months for expert discovery should be sufficient because the parties had a similar schedule for expert discovery for the recently-completed motions for summary judgment. But there, the parties only needed to depose a handful of expert witnesses on the limited number of issues relevant to the summary judgment motions. But it is likely the upcoming expert discovery process will include 10-20 expert witnesses, which necessitates a longer expert discovery period.

6.      Following completion of expert discovery, the parties have two business days to bring any motions in limine, *Daubert* motions, or summary judgment motions. Briefing and hearings on those motions must be completed

---

[9] Plaintiffs also claim that the parties agreed to complete expert discovery in three months, but that also is wrong. Defendants earlier proposed six months for expert discovery, but have now reduced that proposal to four months.

1    within one month under plaintiffs' schedule. That timeline is absurd in a complex

2    case such as this.

3                                          * * *

4         Plaintiffs have made no genuine effort to explain how their proposed

5    schedule is realistically possible, which begs the question why they propose a

6    March 2023 trial date. The reason is obvious – Plaintiffs seek to take advantage of

7    the earlier phasing of the litigation because Defendants have had no opportunity yet

8    to take discovery on the numerous issues remaining the litigation, while almost all

9    of the factual evidence the Plaintiffs might want is already in their possession.

10        Further, as they stated in the meet-and-confer process, Plaintiffs believe the

11   Court will "split the baby" between the parties' competing schedule proposals,

12   picking a date somewhere in the middle of March 2023 and October 2023. But the

13   Court has no baby to split here – Plaintiffs' proposal is far from realistic in this

14   case, and October is a far more reasonable, realistic goal. Defendants provide a

15   measured and reasonable approach for the parties to ready this case for trial

16   (including a significant concession from Defendants' earlier January 2025 proposed

17   trial date), and the Court should adopt that schedule.

18        **C.    Conclusion**

19        Defendants respectfully request the Court enter the proposed Order, attached

20   as Exhibit A, setting forth the pre-trial deadlines and a trial date of October 16,

21   2023.

22

23    DATED: July 7, 2022                    LATHROP GPM LLP

24

25                                   By:        /s/ Nancy Sher Cohen

26                                          _____

27                                          Nancy Sher Cohen
                                            Attorneys for Plaintiffs BASF Corporation et al.

28

1
2
3
    DATED: July 7, 2022        SSL LAW FIRM LLP
4
5                 By:       /s/ Robert B. Martin
6                          Robert B. Martin III
7                          Defendants' Liaison Counsel
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

**CERTIFICATION OF CONCURRENCE FROM ALL SIGNATORIES**

2       I, Nancy Sher Cohen, am the ECF user whose ID and password are being

3  used to file this Joint Scheduling Report for Phase 2. In compliance with C.D. Cal.

4  Civ. L.R. 5-4.3.4(a)(2)(i), I hereby attest that I have obtained the concurrence of

5  each signatory to this document.

6

7                                          /s/ Nancy Sher Cohen
                                              Nancy Sher Cohen

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28