LATHROP GPM LLP
Nancy Sher Cohen, Bar No. 81706
　nancy.cohen@lathropgpm.com
Ronald A. Valenzuela, Bar No. 210025
　ronald.valenzuela@lathropgpm.com
2049 Century Park East, Suite 3500S
Los Angeles, California 90067-1623
Telephone:　310.789.4600
Facsimile:　310.789.4601

LATHROP GPM LLP
William F. Ford (*admitted pro hac vice*)
　bill.ford@lathropgpm.com
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108
Telephone:　816.292.2000
Facsimile:　816.292.2001

Attorneys for Plaintiffs
BASF Corporation et al.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BASF CORPORATION, et al.,<br><br>　　Plaintiffs,<br><br>v.<br><br>APC INVESTMENT CO., et al.,<br><br>　　Defendants.<br><br>AND RELATED CROSS ACTIONS, COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS | Case No. 2:14-cv-06456 GW (Ex.)<br><br>**JOINT STATUS REPORT FOR SEPTEMBER 29, 2022 STATUS CONFERENCE** |

　　Plaintiffs BASF Corporation et al. and Defendants APC Investment Co. et al. submit this joint status report in anticipation of the September 29, 2022 status conference.

**Plaintiffs' Position:** The parties are engaged in fact discovery. No issues have arisen that require the Court's intervention, and the parties are on pace to complete fact discovery by the February 10, 2023 deadline. The parties have propounded written discovery and extended the professional courtesy of a two-week extension for responses. Plaintiffs served responses to two sets of discovery requests, will serve responses this week to two remaining sets, and will begin producing documents this week. Defendants' discovery responses are due soon.

Plaintiffs are confident that the parties can resolve any discovery disputes promptly and without the Court's intervention. For example, each side has objected to the sufficiency of the other side's initial disclosures. Plaintiffs offered to meet and confer; Defendants have not yet accepted that offer, but Plaintiffs believe any disagreement can be resolved promptly.

The parties are negotiating a schedule for initial expert and rebuttal expert report deadlines and appear very close to reaching agreement. Plaintiffs understand from Defendants' liaison counsel that Defendants' experts have already begun work on their reports – well before the April 14, 2023 expert discovery cutoff.

Given the parties' progress, Plaintiffs ask the Court to forego this week's status conference and any further status conferences this year. Plaintiffs respectfully submit that joint status reports should suffice, and nothing precludes any party from requesting a status conference if necessary. However, Plaintiffs ask the Court to order the parties to meet and confer **before** any status reports are due. Defendants declined to do so for this status report—even though it was Defendants that requested the status conference. Defendants also refused to inform Plaintiffs what Defendants intended to include in this status report or raise with the Court during the status conference. Instead, Defendants merely made a vague reference to "issues already identified to Plaintiffs" and other "discovery issues."

Requiring the parties to meet and confer before submitting any future status reports ensures that both sides adequately address all salient issues in the status report and that the Court is properly informed of the parties' progress in preparing for trial. Plaintiffs reserve their right to supplement this report to address any issues in Defendants' portion that were not disclosed to Plaintiffs before submitting this joint status report.

**Defendants' Position**:

In mid-July, the Court set a fact discovery cut-off date of February 10, 2023, following Plaintiffs' misleading assurances that "the parties have already completed most, if not all, of the discovery relating to the remaining issues" in this litigation. (Dkt. No. 1104 at 1:28-2:1.) On July 29, 2022, Plaintiffs served supplemental initial disclosures claiming $58 million in recoverable OU-2 cleanup costs, but refused to identify a single witness or produce any documents concerning those costs. Shortly after, on August 10, 2022, Defendants served discovery requests demanding documents regarding Plaintiffs' claimed response costs. The stipulated deadline for Plaintiffs' production of documents passed on September 23rd, again with Plaintiffs not producing a single document.

In sum, in the two months since the Court set a fact discovery cut-off for February 2023, Plaintiffs have provided <u>zero substantive discovery responses</u> to Defendants concerning Plaintiffs' alleged response costs. Nearly a third of the discovery period has passed, and Defendants still have no documents or identified witnesses concerning Plaintiffs' claimed damages. Plaintiffs' conduct is an obvious manipulation of an unfair advantage they obtained through their earlier misrepresentations to the Court justifying the schedule that has been set.

Defendants will proceed with discovery motions practice but need to emphasize here that Plaintiffs are misleading the Court with their assertions that discovery is mainly complete. It is not. Plaintiffs are withholding discovery concerning their response costs, which is information exclusively within their possession. With the expedited pre-trial schedule set for this complex matter, Plaintiffs realize stonewalling Defendants on discovery issues puts Plaintiffs at a distinct advantage with respect to the pre-trial schedule, an advantage unfairly gained by Plaintiffs' misrepresentations to this Court.

Because of the discovery delays caused by Plaintiffs' conduct, Defendants respectfully request the Court set a further status conference in the next forty-five days to discuss the status of discovery and the current pre-trial schedule.

DATED: September 26, 2022         LATHROP GPM LLP

                                  By    /s/ Nancy Sher Cohen
                                  Nancy Sher Cohen
                                  Attorneys for Plaintiffs BASF Corporation et al.

DATED: September 26, 2022         SSL LAW FIRM LLP

                                  By:   /s/ Robert B. Martin III
                                  Robert B. Martin III
                                  Defendants' Liaison Counsel and Attorneys for
                                  Defendants Phibro-Tech, Inc. and First Dice
                                  Road Co.

**CERTIFICATION OF CONCURRENCE FROM ALL SIGNATORIES**

I, Nancy Sher Cohen, am the ECF user whose ID and password are being used to file this Parties' Joint Status Report. In compliance with C.D. Cal. Civ. L.R. 5-4.3.4(a)(2)(i), I hereby attest that I have obtained the concurrence of each signatory to this document.

/s/ Nancy Sher Cohen
Nancy Sher Cohen

49709231v1

- 4 -