LATHROP GPM LLP
Nancy Sher Cohen, Bar No. 81706
　nancy.cohen@lathropgpm.com
Ronald A. Valenzuela, Bar No. 210025
　ronald.valenzuela@lathropgpm.com
2049 Century Park East, Suite 3500S
Los Angeles, California 90067-1623
Telephone:　310.789.4600
Facsimile:　310.789.4601

LATHROP GPM LLP
William F. Ford (*admitted pro hac vice*)
　bill.ford@lathropgpm.com
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108
Telephone:　816.292.2000
Facsimile:　816.292.2001

Attorneys for Plaintiffs
BASF Corporation et al.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BASF CORPORATION, et al.,<br><br>　　Plaintiffs,<br><br>v.<br><br>APC INVESTMENT CO., et al.,<br><br>　　Defendants. | Case No. 2:14-cv-06456 GW (Ex.)<br><br>**PLAINTIFFS' SUPPLEMENT TO PARTIES' JOINT STATUS REPORT FOR SEPTEMBER 29, 2022 STATUS CONFERENCE** |
| AND RELATED CROSS ACTIONS, COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS | |

Plaintiffs BASF Corporation et al. submits this supplement to the parties' September 26 Joint Status Report (ECF No. 1130) in anticipation of the September 29, 2022 status conference. As noted in the Joint Status Report, Defendants refused to confer with Plaintiffs concerning the content of the Joint Report. We now know why: rather than providing the Court with an honest account of the parties' progress to date, Defendants used the opportunity to level baseless attacks against Plaintiffs. Accordingly, Plaintiffs are compelled to provide this brief, supplemental report to ensure that the Court is not misled by Defendants' fabrications.

First, Plaintiffs were correct in stating that most of the fact discovery had been completed in Phase I and that the only significant issues remaining for trial were Plaintiffs' responses costs and allocation. Defendants' own discovery requests belie their claim that Plaintiffs misled the Court about what discovery remained, as the overwhelming majority of those requests deal with a single issue – Plaintiffs' response costs.[1]

Second, Defendants' claim that Plaintiffs are "withholding" evidence of their response costs to "disadvantage" Defendants is utterly baseless. In July, Plaintiffs provided a description of the categories and subtotals of response costs Plaintiffs had incurred as of late 2021. Further, in both their Initial Disclosures and in response to Defendants' document requests, Plaintiffs expressly stated that they will produce evidence supporting their claim for response costs. And as Plaintiffs advised this Court in the Joint Status Report, this week Plaintiffs will start rolling

---

[1] It is true that defendant Bodycote Thermal Processing, Inc. ("Bodycote") recently served discovery requests on topics other than the issue of Plaintiffs' response costs, but this is unsurprising given that Bodycote did not serve any discovery requests or participate in summary-judgment motion practice on liability in Phase I. Instead, Bodycote stipulated to facts supporting a finding of liability. And Bodycote's recent discovery requests are largely unnecessary, as evidenced by the fact that the other two defendants that stipulated to facts supporting a finding of liability have not served any discovery in this Phase – further demonstrating that the parties completed most of the fact discovery in this case during Phase I.

out their production of documents responsive to Defendants' requests. Plaintiffs have incurred tens of millions of dollars as evidenced in **thousands** of invoices, which Plaintiffs have been diligently preparing for production and which Defendants will start receiving soon.

Third, as to identification of *fact* witnesses, Plaintiffs have all along explained – and Defendants have never disputed – that this case predominantly involves documents and expert opinion, not fact witnesses. Plaintiffs' response costs are no exception to this general principle. Defendants cannot credibly dispute the fact that Plaintiffs have incurred tens of millions of dollars in response costs. So the main question for trial is whether those costs meet the statutory requirements to be recoverable – a question requiring *expert*, not *fact,* witnesses.

Finally, Plaintiffs would note that they have offered to meet and confer with Defendants on these issues, but Defendants have so far refused. Thus, the Court should see Defendants' complaints for what they truly are: mischaracterizations of the record in order to lay the groundwork for their ultimate objective – postponing the trial using fabrications about the discovery process as a pretext.

DATED: September 26, 2022              LATHROP GPM LLP

                                       By     /s/ Nancy Sher Cohen
                                       Nancy Sher Cohen
                                       Attorneys for Plaintiffs BASF Corporation et al.

49714134v1